ADDISON,
January,
1830.

APOLLOS AUSTIN, surviving partner of A. & J. AUSTIN,

*vs.*

WILLIAM SLADE's administrators.

While an action was pending in court against one of the signers of a joint and several promissory note, the depositions of two other signers of the note were taken to prove the note usurious ; but before any trial of the action the defendant died, and the cause was discontinued according to the statute. Afterwards the note was presented for allowance before the commissioners who were appointed to settle and adjust the claims against the deceased defendant, and from their decision an appeal was taken to the county court. It was held that said depositions were not admissible, on the trial of the cause, on the ground that it was not the same suit as that in which the depositions were taken to be used.

This was an appeal from the adjudication of commissioners appointed to settle and adjust the claims against the defendants' intestate. The declaration was in *assumpsit* on a promissory note, dated Nov. 20, 1815, and signed by the intestate, and *William Slade jun.* and *Augustus F. Conant*, for nine hundred dollars, payable jointly and severally to *A. & J. Austin*. Plea, the general issue.

It appeared that a suit had been formerly commenced on the note against the intestate, and during the pendency of that suit the depositions of the said *William Slade, jun.* and *A. F. Conant*, had been taken by the defendant to prove the note usurious. Before any trial of the cause, *William Slade*, the then defendant, died, and the cause was discontinued by virtue of the proviso to the 53d section of the probate act. The note was then presented to the commissioners of the intestate's state, and this appeal was taken from their decision. On the trial in the county court the defendants offered these depositions in evidence, accompanied by discharges from the intestate to the deponents of all claims in his favor against them on account of their having signed said note. The plaintiff objected to the admission of the depositions; but they

were admitted by the court to be read in evidence to the jury; and a verdict was returned for the plaintiff for a part, only, of the note. The plaintiff excepted to the decision of the court, and a bill of exceptions being allowed, the cause was ordered to the Supreme Court.

ADDISON.
*January,*
1830.

Austin
*vs.*
Slade's admr.

It was agreed by the parties that if the Supreme Court should be of opinion that either, or both, of said depositions ought not to have been admitted in evidence, the damages found by the verdict should be increased, and judgement rendered for such sum as the court should adjudge to be due on the note.

*Starr and Everest, for the plaintiff.*—1. The depositions of *W. Slade, jun.* and *A. F. Conant* were not admissible : they being signers of the note with the intestate, and jointly and severally holden with him for the payment of the note, were interested in the event of the suit. They were interested in the record. The judgement and a satisfaction of it by the adminstrators would be a bar to any proceedings against them afterwards. No one who can use the record to protect himself can be a witness.— 5 *Burr.* 2727.—1 *Swift's Ev.* 60, 59, 96.—2 *Dallas,* 196.— 4 *Mass. Rep.* 157, *Churchill* vs. *Suter.*—*do.* 653, *Emerton* vs. *Andrews.*—10 *do.* 502, *Manning* vs. *Wheatland.*—3 *Pick.* 184, *Knights* vs. *Putnam.*—*Peake's Ev.* 147, *in note.*

2. The deponents, (if admissible as witnesses) by reducing the amount of the claim by their testimony, increased the prospect of their being indemnified from the estate, (the estate being represented insolvent,) and in case of a deficiency of the estate to satisfy the claim, they would only have to make up that deficiency (thus reduced by their testimony) to discharge themselves.

3. The depositions were taken *in another suit, since discontinued,* and could not be used as evidence in this suit. The discontinuance was by force of law, on the representation of the estate of the intestate insolvent. The suit was at an end. The present is another suit, viz. an appeal from probate, though, on the same demand. It is a *new suit,* and depositions taken in *the former suit* are not admissible *in this.*

4. *William Slade* is son and heir to the intestate, and, therefore, interested in the event of this suit. When the testimony of a witness goes to increase or diminish a fund in which he is interested, he is excluded. It is not necessary that the interest should be ascertained and certain. It is sufficient to exclude the witness if his interest be probable and presumptive. *Peak's Ev.* 147, *in*

ADDISON,
January,
1830.
———
Austin
vs.
Slade's admr.
note.—5 *Con. Rep.* 259, *Stebbins* vs. *Sacket.*—1 *Phil. Ev.* 50, 51. Nor can the deposition of *William Slade*, taken before the death of the intestate, be evidence in this case on the ground that he was not then interested. Depositions are only a substitute for the testimony of the witness on the stand, and can never be used when *the witness cannot testify*.

*Phelps, for the defendants.*—An objection is made to the admission in evidence of the deposition of *William Slade, jun.* who is alleged to be interested. It appears that at the time of taking the deposition the witness was disinterested, but afterwards, and before the trial, became interested in the issue. It is now alleged that this interest renders the deposition inadmissible. The time of taking the deposition is the period at which the witness is to be tested. It has long since been settled that a previous interest will not render a witness incompetent, provided the interest is extinguished before his testimony is taken. *A fortiori*, a supervenient interest could not render his testimony previously taken inadmissible. In the former case, his testimony may be affected by the bias resulting from previous interest. In the latter case, it is impossible it should be so. *Sw. Ev.* 62.—*Peake's do.* 158. Indeed, the evidence in this case comes into court wholly unaffected by the interest stated. And the reason for excluding testimony on the score of interest fails altogether. Depositions not being used in the *English* courts of law, I can find no case at *law* upon the question. But depositions being used in *Chancery*, the question has been by that court repeatedly decided. See 2 *Mod. Ch.* 426.—2 *Vernon*, 609.—*Gross* vs. *Tracy*, 1 P. *Williams*, 288.—*Glyn* vs. *Bank of England*, 2 *Ves.* 42.—*Haines* vs. *Hand*, 2 *Atk.* 615.—*Stark. Ev.* 263. No reason can be assigned why different rules should obtain on this point in the different courts.

An attempt was formerly made to exclude this deposition upon the ground that the witness, being originally a party to the note in question, is not under any circumstances a competent witness to impeach it. This rule has never been adopted in this state; and as it is founded upon the policy of favouring the negotiability of notes, a policy done away by our statute, it is not probable that it ever will be.

A question is raised whether, as the depositions were taken in a suit pending between the plaintiff and the intestate, they were admissible here. The original suit was transferred by mere ope-

ADDISON,
January,
1830.

Austin
vs.
Slade's admr.

ration of law, with all its incidents, from one board of triers to a-nother. The case remains the same in all respects. The com-missioners are to decide in all respects as the county court would have done, even to the particular of the previous costs. In short, the controversy is the same. The mere fact of the decease of the party, and the introduction of the administrator as the party to the suit, would not render the depositions inadmissible. It is not to be presumed that the legislature intended by transferring the decision from one tribunal to another, to deprive the party of written evidence already on file in the case. Suppose testimony had been taken abroad on commission; would it not be available before commissioners? In *England* depositions taken in chancery may be read in a trial on an issue at law directed in that court in the same case whenever the witness cannot be had. 2 *Mod. Chan.* 477, 481.—*Com. Dig. Testmoigne, C.* 4.—And upon the same princi-ple, where depositions are made evidence by statute, the rule should be the same. The contingency happens which would ren-der a deposition for the case evidence. So in chancery, deposi-tions taken in one cause are frequently read in another, when the parties and the issue are the same. 2 *Mod.* 436.—1 *Stark. Ev.* 365, 6, 7, 8.—*Com. Dig. Chancery, T.* 4, 5.—So deposi-tions taken during an abatement of the suit are admissible. 2 *Mod.* 414 Finally, as this is but a continuation of the same pro-ceeding in which the depositions were taken; as it is between the same parties in the same issue, and involving the same matters; and as the reason for taking the depositions continued to exist down to the time of trial, the court properly admitted them. They were not affected either by the supervenient interest of the witnesses, or the change in the mode of proceeding occasioned by the death of the party.

The opinion of the Court was delivered by

PADDOCK, J.—Whether the depositions of *Wm. Slade, jr.* and *Augustus F. Conant* ought to have been admitted in evidence by the county court, or rejected, is the only question submitted; and although many reasons have been urged by counsel for and against their admission, yet it is not necessary for the Court to consider them all, as one of the objections urged by the plaintiff to their being admitted is, in the opinion of the Court, insuperable.

Depositions afford a species of testimony not sanctioned by the usages of common law, but are made so by our statute, by which in many instances parties are enabled to avail themselves of the testi-

ADDISON,
January,
1830.
————
Austin
vs.
Slade's admr.

mony of persons by taking their depositions, when their attendance in court could not be had. The statute, as it authorizes their use, so likewise it does the manner and form of taking, and instances in which they may be used. (p. 81, 2.) And in the third section of the judiciary act (p. 59) a further provision is made, " that when depositions are taken to be used before the county court, and an appeal is had to the Supreme Court, that it shall be the duty of the clerk to certify up the depositions with the other papers in the case to the Supreme Court." And a further provision was made by the statute of 1818, (p. 110,) providing for perpetuating of testimony by depositions. These are the only instances where the statutes authorize the use of depositions before a tribunal in which they were not originally taken to be used ; and in the case of depositions certified to the Supreme Court, they must have been actually improved in the county court, otherwise they would not be read on the appeal.

The use of depositions is not to be encouraged beyond the letter of the law, for every day's experience teaches us that they are not to be relied upon with that confidence that the testimony of a witness may, when produced on the stand, where he may undergo a cross examination.

It has been contended by the defendant that the exhibiting the claim before the commissioners, the subsequent appeal, and prosecution before the county court, ought to be considered as a continuation of the original action before the county court. The statute (p. 343) directs " that every action pending against any person at the time of his or her decease, and shall be pending when his or her estate shall be represented insolvent, shall be discontinued, and the property attached thereon, shall be no longer holden by reason of such attachment ; and the commissioners in allowing or disallowing the claims embraced in such action, shall allow the party recovering, the cost of such action to the time of such discontinuance." It must be apparent that the framers of the act contemplated a termination of the suit : no judgement could have been rendered in the case, and, in short, the statute is peremptory on the court to dismiss it; and if the claim be prosecuted again, proceedings are all de novo. The adjudication of the claim is not by the act transferred to the probate court, but it is left to the plaintiff to resort there or not : but in case he does, the statute directs the court to tax costs of the action to the time of the discontinuance, for the party recovering. If these depositions could have been legally used before the county court to

which the appeal was taken, they might with the same propriety have been used before the commissioners ; and by the same rule, depositions taken to be used before the probate court, might be certified upon an appeal to the county court ; and finally,unshackle the use of depositions from the restrictions of the statute, and the same facts, when once imbodied in a deposition, might very conveniently be used in different suits, and between different parties.

ADDISON,
January,
1830.

Austin
vs.
Slade's admrs.

The Court being satisfied that the depositions ought not to have been admitted, the judgement of the county court must be reversed, and a judgement entered according to the rule entered into by the parties in the court below.

Judgement reversed.

*Starr & Everest*, for plaintiff.
*S. S. Phelps*, for defendants.