WALSH, LEONARD & JACKSON, v. JASON C. PIERCE.

Depositions read in a case in the county court, without objection, cannot afterwards be objected to, even during the trial.

Nor can depositions, which are decided by the county court to be competent evidence, notwithstanding certain specified objections, be afterwards objected to on other grounds.

In such cases, after depositions have been read, they become a part of the files in the case, and if the case comes to this court, upon exeptions, the depositions come with it, and, in actions of book account, when it becomes necessary again to refer the case to an auditor, such depositions may be used as evidence before him, by either party.

A general agency, not of a character necessarily required to be in writing, may be proved either by the general course of dealings between the parties in regard to the subject matter, or by subsequent recognition.

How far it is necessary to produce, on trial, writings conferring or limiting the authority of an agent.

THIS was an action of book account, brought from the county court to this court, at the January term, 1839, by exceptions to the decision of the county court accepting the report of auditors and rendering a judgment thereon for the plaintiff. The judgment of the county court having been

reversed by this court, the cause was again referred to auditors, who, at the present term, report;—

"That the parties, having been duly notified, appeared before them on the 23d day of December, A. D. 1839, and having submitted their evidence and allegations, the auditors find that the first bill of goods charged in the plaintiffs' account, under date of Aug 13, 1832, were purchased of the plaintiffs in the name and for the account of defendant, by one Hiram Pierce, who assumed to be the agent of the defendant, and, by order of said Hiram, the goods were directed and forwarded to *Jason C. Pierce*, at Ogdensburgh, N. Y., where the said Hiram was in charge of a store, doing business in the name and ostensibly for account of the defendant; that the residue of the goods charged, were directed and forwarded in like manner, upon written orders of the said Hiram and other persons employed in the store at Ogdenburgh, all in the name of the defendant.

"The auditors further find, that the first bill of goods was purchased, as aforesaid, by said Hiram in person, and that, on that occasion, he exhibited to the plaintiffs a writing purporting to be signed by the defendant, empowering him to purchase upon the responsibility of defendant, and that the goods were delivered, and the defendant debited therefor upon the plaintiffs' books, upon the faith of said Hiram's representations and the said writing, but that said writing was not specially addressed to the plaintiffs nor delivered to them by said Hiram, and the same is not, and has not been within their control or knowledge. The said writing was not produced at the trial, nor was evidence received to show its character or purport.

"The auditors further find, that about the 25th March, 1833, the plaintiff, Leonard, called upon thhe defendant at St. Johns, for a payment upon the account, and that the defendant then delivered him, in part payment thereof, promissory notes to the amount of two thousand dollars, without making any objection to the account, or raising any question as to the fact, or nature, of his liability to pay the same, though the payment was demanded as of his own proper debt.

"The auditors further find, independently of the writing

Chittenden,
January,
1840.

Walsh et al.
v.
Pierce.

"shown to the plaintiffs by said Hiram, that the plaintiffs
"gave credit directly to the defendant, and that he was ori-
"ginally debited upon their books for all the goods charged
"in their account.

"They also find, that in February, 1835, the plaintiffs re-
"ceived $1062,19, and in September, 1835, $1157,10,
"and in December, 1835, $919,82, which sums were cre-
"dited in the plaintiffs' account, and were received of one
"David A. Graham, who claimed to be the assignee of the
"goods and credits of the store at Ogdensburgh, in behalf
"of defendant, and that the account mentioned in the de-
"position of Samuel M. Woodruff, herein after referred to,
"was a copy of the plaintiffs' account, and similar to the ac-
"count returned by the auditors. All the facts, above stated,
"were found from the testimony of the plaintiff, Leonard.

"The auditors further find, from the deposition of Samu-
"el M. Woodruff, that on the 23d day of April, 1834, the
"said Woodruff, as agent of the plaintiffs, exhibited to the
"defendant a statement of plaintiffs' account, corresponding
"substantially, (with the exception of a charge of cash, $60,
"under date of Jan. 19, 1836,) with the account herewith
"returned, in which the defendant was debited directly to
"the plaintiffs; that the defendant admitted the account to
"be just and true, and promised to pay the same in a short
"time; that the defendant then gave to Woodruff three
"promissory notes, two for $1000 each, and one for $500,
"as collateral security for the payment of the account, and
"to be applied, if paid, to reduce the balance thereon due.
"The deposition of the said Woodruff was objected to by
"the defendant, upon the ground that it was not taken to be
"used before the supreme court; but,inasmuch as it was tak-
"en to be used in this cause and had been used before the
"auditors appointed by the court below, the auditors over-
"ruled the objection and admitted the deposition.

"The auditors find, upon the testimony of plaintiffs and
"said Woodruff, generally, independently of the writing
"shown to the plaintiffs, by said Hiram, that all the goods
"charged in the account of the plaintiffs, were purchased of
"them for account and by authority of the defendant and that
"the defendant is primarily liable and justly chargeable
"therefor.

" The auditors further find, that the letter hereto annexed, " marked C., was written to defendant by plaintiffs, and de-" livered to defendant by said S. M. Woodruff, and that the " letter annexed, marked D., was written and forwarded to " the plaintiffs by the defendant, but the auditors have at-" tached no importance to either.

" The auditors further find, upon the deposition of John " G. Colburn, that the store at Ogdensburgh belonged to the " defendant, and that the business thereof was transacted for " account of the defendant by said Hiram Pierce, who had " the control and management thereof, as agent of the de-" fendant; that said Hiram, as such agent, had authority to " make purchases in behalf and for account of defendant, " and bind him for the payment thereof, and that the goods " charged in plaintiffs' account were purchased for defend-" ant by said Hiram, in the lawful exercise of such agency. " The defendant objected to the reception of said deposition, " before the reading thereof, upon the ground that the ma-" gistrate, certifying the same, was not duly authorized to take a " deposition, stating, at the same time, that he made no fur-" ther objection. The objection was overruled and the de-" position read. Immediately after the reading of the depo-" sition, the defendant further objected, that it had not been " duly filed, but the auditors being of opinion that the ob-" jection was out of season, overruled it.

" And, upon the whole matter, the auditors find that the de-" fendant is chargeable with all the merchandize debited to " to him in the account of the plaintiff, And that the mer-" chandize was sold upon a credit of six months, and they " allow all the merchandize charged, amounting, in the whole, " to                                                   $5870,65
" together with interest at the rate of seven pr.
    " cent. pr. annum, after six months, on each
    " bill, up to Jan. 11, 1840.                       929,54
" And, after deducting the credits, find due to
    " the plaintiffs from the defendant, the sum
    " of                         .                      1661,08"

(D.)

OGDENSBURGH, 24 Feb. 1834.

*Messrs. Walsh, Leonard & Jackson·*

GENTLEMEN :—Such has been the unprecented falling off

of business this winter, such the scarcity of money, and the inability of those indebted, to meet their engagements, that I can suggest no way to meet the demands against the Ogdensburg hardware establishment, unless a delay and extension is granted.

I have been at this place a week, and have been investigating the affairs, and the result I beg leave to hand you on the opposite page. The store has done a good business, and, in any other times than the present, should meet its engagements. There is no money in the country, and I am confident that were we to attempt to raise money by forcing a sale of any part of our stock, it could not be done, in this vicinity, at any sacrifice. The banks here and in Canada, do not discount a dollar. I have instructed my brother not to contract a debt for any more goods, as the stock on hand is already as large again as it ought to be, but to collect in his debts with all the rigor that the safety of his claims will admit of. The business in Lower Canada, for the last season, has been most disastrous, and it will be very difficult for me, at present, to spare any more funds from my business there, without jeopardizing my business there. I leave this for St. Johns to day, and should feel obliged by your writing me, in duplicate, addressed to me both at St. Johns and this place.

Very respectfully yours,

JASON C. PIERCE.

(C.)

ALBANY, April 18, 1834.

*J. C. Pierce,*

DEAR SIR ;—Permit us to introduce to you the bearer, Samuel M. Woodruff, Esq., of the firm of Reynolds & Woodruff, counsellors, &c. &c., of this city. Any assistance you may have it in your power to render Mr. Woodruff, we shall consider a particular favor, and be happy to reciprocate.

We send you, by Mr. W., a copy of a letter we addressed to you the 10th ult., to which we have received no reply. You may, if you please, communicate with him respecting the subject of it.

Yours, &c. &c.

WALSH, LEONARD & JACKSON.

The defendant excepted to the report and assigned the following causes of exception.

1. Because, the auditors erred in overruling the objections to the deposition of John G. Colburn.

2. Because, the deposition of Samuel M. Woodruff ought not to have been received by the auditors, it not having been taken originally as evidence in this court, and it did not, necessarily, pass to the supreme court, with the exceptions, by virtue of which this case came from the county court.

3. Because, the auditors erred in not requiring the production of the original paper on which the goods in the first instance were procured, or in case of its loss, secondary proof of its contents.

4. Because, the plaintiffs, from the facts reported, are not entitled to recover.

*C. Adams,* for defendant.

I. The deposition of John G. Colburn should have been rejected. In point of fact it was not filed thirty days before the session of the court in the proper office. It therefore was not legal evidence and could not be read without this objection was removed.

The time at which the objection is taken is unimportant, for if at any time before a decision, it appears that the testimony is illegal, as in the case of an interested witness, it is to be laid out of the case.

II. The deposition of Woodruff was not properly brought before the auditors. It is certain it did not go up with the exceptions. It could not be regarded as part of the *original files and papers,* which the clerk is directed to carry up from the county court. It is not to be read as evidence, merely because it may have been read before, for, if it could not be read here for the first time, it cannot be read now. The statute provides for carrying up depositions on appeal, Stat. p. 59, but makes no provision that reaches this case.

Plaintiffs were not entitled to recover without the production of the original paper on which the goods were obtained or proper evidence of its contents. *State* v. *De Wolf,* 8 Conn. 93.

The defendant has always insisted that his undertaking was collateral to the credit of Hiram Pierce and so it

would appear if the paper were produced, and if so, this action could not be maintained, but the plaintiff must resort to a special action on the case.

All that has been said or written by defendant, is consistent with this view of the paper, nay it is almost conclusive of it. The goods having been furnished upon the strength of the paper, it is beyond controversy the *best* evidence to prove the undertaking and indeed it is difficult to see how the character. of the undertaking can be proved without it. To prove the defendant primarily liable without the paper, there should be express evidence of such primary liability, but the evidence shows nothing of the kind. It shows nothing more than a collateral liability. The defendant's letter of February, 1834, is probably the best evidence in the case to show what his relation was, and, from that, it strongly appears that the undertaking was collateral only.

*J. N. Pomeroy,* for plaintiff.

The first objection to the deposition of Colburn, made before the auditors, is not now insisted upon by the defendant. As to the other objection, we insist that it was made too late. The deposition having already been read, by consent, so far as the time of *filing* was concerned.

But it will appear from the report, that the auditors found every necessary fact in the case independently of this deposition.

II. The deposition of Woodruff was proper evidence before the auditors in this case. This deposition, having been made a part of the case, in the bill of exceptions, became a part of the record, and whenever the facts, or law of the case were to be examined and decided, it must be present and have its weight as evidence.

The *cause is the same,* in every respect, and the reasons for taking the deposition still existed. Depositions " shall be admitted to be used in evidence in the *causes* for which they are taken." Stat. p. 81. § 80.

Depositions taken in chancery, in England, may be used on an issue of law in that conrt in the same cause. 2 Mad. Chan. 577.

III. It is a sufficient answer to the third objection that the paper alluded to, was not designed to be, and, in fact, never was in the possession or control of the plaintiff, and the

claim of the plaintiffs, does not rest upon any *written* CHITT⸱⸱⸱DEN, *January,* 1840. undertaking of the defendant but on independent facts found by the auditors.

Walsh *et al.* *v.* Pierce.

The opinion of the court was delivered by

. REDFIELD, J.—In regard to the deposition of Colburn, we think the objection came too late. The deposition was, indeed, objected to, (on specific grounds, not now urged,) before it was read to the auditors. That objection being overruled and the deposition read, a still further objection was started, but ruled to be out of time. That was most clearly the case. The fact that the deposition had been ob-. jected to for one reason, and admitted, did not authorize the party objecting, to raise further objections at a subsequent period. It was the same, as to all other objections, as if the deposition had been read without objection. In such cases, the standing rule, both of this court and the several county courts, expressly precludes all subsequent objections. Nor does it make any difference, that the objection was started during the trial, and immediately after the reading. The rule requires the objection to be made *before* the reading.

The objection to the disposition of Woodruff, that it was not taken to be used in this court, and although taken to be used in the cause, and used without objection in the county court, cannot be used after the cause is removed into this court, is intimately connected with the point just now decided. Whenever a deposition is used in a cause, without objection, it becomes a part of the papers and exhibits, belonging to the cause, and the rule of court requires, that it " shall be lodged with the clerk and remain in his office, subject to the inspection of both parties." Such papers, therefore, when a cause is removed from the county to the supreme court, pass up with the cause, and if the action is book account, and it becomes necessary to send it again to an auditor, they go out with the rule or commission to the auditor, as a part of the evidence, which either party may use.

The remaining objection to the report, is founded upon the auditors allowing the plaintiffs to prove the agency of Hiram Pierce, in purchasing the goods, for which they claim to recover of the defendant, without producing the writing given by defendant to said Hiram. We do not learn, very definitely, the character or object of this writing. One thing is

CHITTENDEN, certain, it was never intended for the plaintiffs, and was
January, never under their control. The agency claimed is not of a
1840.
—————— character, which might not as well be created by mere words
Walsh et al. or acts, as by writing. In such cases it is well settled that
v. the agency may be proved by—1st, *direct* evidence of agen-
Pierce. cy. In this case, if the authority was in writing, it must be
produced and proved. 2 Stark. Ev. (6 Ed.) 31. *Johnson* v.
*Mason*, 1 Esp. C. 89. *Coore* v. *Callaway*, Ib. 115. In the
present case, *perhaps*, if the plaintiffs had relied solely upon
an authority conferred upon the agent by writing, they should
either have produced the writing or accounted for its absence.
· But, 2, this agency may be proved by the habit and course
of dealings between the parties. And where one man suf-
; fers another to carry on business upon his credit, he is bound,
I take it, to the fullest extent, by all his contracts, within the
apparent scope of that business, without regard to the terms
of the particular contract of agency, unless brought home to
those with whom the agent has dealings, and in that case, it
is for the defendant to show their limitation to be short of
the apparent extent of the business. 4 Conn. R. 288. 2 Stark.
Ev. 32 and notes. This rule would seem fully to embrace
the present case. *Mechanics' Bank* v. *Bank of Columbia*,
5 Wheaton, 326. 4 Pet. C. R. 666.

But, thirdly, it is fully competent for the defendant to re-
cognize the acts of a mere intruder into his business ; and if
he do, he is bound to make good the undertakings of such
self-constituted agent. 2. Stark. Ev. 33 and notes. So, too
where one has assumed to act on the part and behalf of ano-
ther, and he is informed of such assumed agency, he must
express his dissent within a reasonable time, otherwise his
assent will be presumed. *Amory* v. *Hamilton*, 17 Mass. R.
103. *Cairres* v. *Bleeckers*, 12 Johns. R. 300. In the pre-
sent case, in repeated instances, the defendant has distinctly
and unequivocally recognized the agency of Hiram Pierce,
and not only promised to pay the plaintiffs' debt, when fully
informed of all the facts, but even executed his promissory
notes for the amount claimed, which were to be holden by
plaintiffs as collateral security.

Judgment on report for plaintiffs.