Perry *v.* Whitney.

---

GEORGE H. PERRY *v.* MORGAN WHITNEY.

*Practice. Book Account. Exceptions. Evidence. Depositions.*

The death of a married woman during the pendency of an action of book account, brought by her husband and herself to recover a debt due to her, *dum sola,* cannot be taken advantage of before the auditor, as a reason why he should not proceed to audit the accounts of the parties. The consideration of such an objection to the further prosecution of the action does not belong to the auditor, but to the county court, before whom it should be presented by a proper motion for that purpose.

Where this objection was raised before the auditor, who decided that it was not proper for his consideration, and proceeded to audit the accounts of the parties and reported accordingly; and the only questions made in the county court were those arising from the auditor's report: *Held,* upon exceptions to the judgment of the county court, that the question of the effect of the death of the wife upon the action, was not before the supreme court for consideration.

In an action of book account in favor of husband and wife, to recover a debt due the latter before coverture, the husband is a competent witness; and in case of the death of the wife after one trial of the case has taken place, the husband may prove by himself, or other witnesses, what she testified to at the former trial.

A deposition which has been read without objection at the trial of a cause before a justice of the peace, is admissible at a subsequent trial of the same cause in the county court or before an auditor.

BOOK ACCOUNT. This action was originally brought before a justice of the peace by the plaintiff and his wife, to recover for the services of the latter before her marriage. The wife testified at the trial before the justice, but died after the appeal and the entry of the case in the county court, and her death was suggested on the record prior to the hearing before the auditor. The defendant objected before the auditor that the plaintiff had no right to prosecute the suit after the death of his wife; but the auditor decided that this was not a proper question for his consideration, and proceeded to audit the accounts of the parties.

The plaintiff offered himself as a witness, and the defendant objected; but the auditor admitted his testimony, to which the defendant excepted.

The plaintiff then offered to prove by himself and other witnesses, what his deceased wife testified to at the former trial, to which the defendant objected, but the testimony was admitted and the defendant excepted.

The plaintiff offered in evidence the deposition of Nancy Closson, taken to be used in this case before the justice, to the admission of which the defendant objected on the ground that the notice of the taking of the deposition appeared, by the officer's return thereon, to have been served by reading only, and not by copy; but, upon the plaintiff's proving that the deposition was used before the justice without objection, the auditor admitted it, to which the defendant excepted.

The county court, at the April Term, 1857,—UNDERWOOD, J., presiding,— overruled the exceptions to the auditor's report, and rendered judgment thereon for the plaintiff.

Exceptions by the defendant.

*Stoughton & Grant*, for the defendant.

*Bradley & Kellogg*, for the plaintiff.

The opinion of the court was delivered by

PIERPOINT, J. It appears from this case, that on the trial before the auditor, it was insisted that in consequence of the death of the wife of the plaintiff, who was originally a party plaintiff (the action having been brought to recover for her services before

marriage), the plaintiff had no right further to prosecute this suit.

The auditor decided, and we think correctly, that this question was not one for him to decide.

This question should have been brought before the county court, on a proper motion for that purpose.

It does not appear from this case, that any notice was taken of this question after the hearing before the auditor, or that the county court in any manner passed upon it. And for that reason, the plaintiff insists that the question is not now before this court. And we are constrained to say that we do not see how, by any fair construction of the report and exceptions, that question can be raised here. The exceptions show that the only questions passed upon by the county court, were those raised in the report of the auditor, and the only question relating to this matter, that arises in the report of the auditor, is whether the auditor was right in deciding that he had nothing to do with this question, and of that we think there can be no doubt.

The defendant insists that the auditor erred in admitting the plaintiff to testify. This being an action on book, we see no reason why the plaintiff was not a competent witness in this, as in any other action on book.

And as the wife of the plaintiff had been a party, and had testified, it was competent for the plaintiff to prove what she had testified to on a former trial (she having died in the mean time), there being nothing in the case to show that there was anything in the nature of the testimony that rendered it improper.

It is also insisted by the defendant that the auditor should have excluded the deposition of Nancy Closson.

This deposition, having been read on the trial before the justice, without objection, was, we think, clearly admissible before the auditor. The rule is well settled that when a deposition has been read in a trial before a justice without objection, and the case is carried up by appeal, the deposition is admissible before the county court the same as though the deposition had been first read without objection in the county court, and then offered at a subsequent trial.

These being the only questions now before this court, and as we find no error in the decision of the court below, on these questions, the judgment of the county court is affirmed.