Pierce *v*. Estate of Paine.

GEORGE B. PIERCE *v*. THE ESTATE OF CHARLES PAINE.

*Witness.*

The plaintiff brought a suit at law against P., who afterwards, in July, 1853, died, and the suit was, therefore, discontinued under the statute, and the same claim presented before the commissioners on P's estate. *Held*, in an appeal from the decision of the commissioners, that the plaintiff was not a competent witness.

ASSUMPSIT. Plea the general issue and trial by jury at the September Term, 1858, BARRETT, J., presiding.

On trial the plaintiff offered himself as a witness, and the defendant claimed he was not competent to testify in this case. It appeared that the plaintiff commenced a suit against the testator upon the same claim for which this action was brought, that the testator died on the 15th of July, 1853, during the pendency of the original suit, that his estate was represented insolvent, and commissioners appointed thereon, that the suit was accordingly discontinued, and the plaintiff's claim presented before the commissioners on the testator's estate, and that the present action was an appeal from their decision.

The county court allowed the plaintiff to testify, to which the defendant excepted.

*T. P. Redfield* and *H. Carpenter*, for the defendant.

*Peck & Colby*, for the plaintiff.

BENNETT, J. If we are to regard this suit as pending at the time of the passage of the act of 1852, making the parties witnesses, it falls within the decision in the case of *Kimball* v. *Estate of Baxter*, 27 Vt. 630, and we have no disposition to disturb that case, or question its soundness.

The suit was commenced against the testator prior to the passage of the act of 1852.

He died in July, 1853, by which the suit was discontinued before the court of common law, and the claim prosecuted before commissioners, and the question is, shall we consider the prosecution of this claim before the commissioners as a continuation of the same suit, so far as to give an operation to the saving clause in the act of 1853.

I. The act of 1852 had a proviso that it was not to affect suits then pending. By the act of 1853 this proviso was repealed except where one of the parties had died before the passage of the act of 1853. The object in limiting the operation of the repeal of the proviso in the act of 1852 in cases where one of the parties had died, was no doubt, as was somewhat significantly expressed at the bar, to keep the parties upon an *evener*, as to suits pending in 1852.

The statute of 1852 at first did not change the law of evidence as to suits then pending. The act of 1853 did change it as to suits then pending at the passage of the act of 1852, only where both parties were living at the time of passing the act of 1853. This was a reasonable provision and should be carried out in its spirit.

With reference to giving effect to this statute we apprehend it is no stretch of authority to consider the suit before commissioners, as in substance the same as that pending against Gov. Paine in his lifetime. The statute in effect simply changes the *forum*.

The trial proceeds on the same principles and costs follow the event in each forum.

The statute does not declare that by the death of the defendant the suit is abated, but simply declares that upon the estate being represented insolvent, and upon commissioners being appointed, the suit before the common law court shall be discontinued, and the matter go before commissioners, and then the costs in the common law court follow the result. There is to be no discontinuance until the estate is represented insolvent and commissioners have been appointed.

In a case where the statute of limitations had run, or rather the six years had elapsed after the suit was brought and before the death of the defendant, I apprehend the statute could not be used to bar the claim before the commissioners. The court would, I should apprehend, treat the prosecution of the claim before the commissioners as a continuation of the first suit, so far as the statute of limitations was concerned. It is true that in the case of *Austin* v. *Slade's Administrator*, 3 Vt. 68, it was held that a deposition taken to be used in an action pending in the county court upon a note of hand, could not upon the decease of the defendant be used before the commissioners upon the question as to the allowance of the note, and the court seem to go upon the ground that it was not the same suit as that upon which the deposition was taken to be used. But we all know that the course of decision in this State had been very strict in regard to the admission of depositions. They were treated as a species of testimony not sanctioned by the common law and were not to be favored, and unless they came strictly within the provisions of the statute they were rejected. The statute was construed most strictly, according to its letter.

The *forum* was undoubtedly not the same in that case, and as the statute requires the authority taking the deposition to certify the court before which the deposition was to be used; this may have been a sufficient reason for the rejection of the deposition. At all events we think the case in the 3 Vt. should not govern one not like it in all its material facts.

The judgment of the county court is reversed and the case remanded.