WILLIAM H. BRACKETT

v.

ANNIE NIKIRK.

</div>

1. DEPOSITIONS—PRACTICE.—After a deposition taken in a cause has been read without objection upon one trial, it can not afterward be objected to on account of any defect existing at the time it was so used.

2. COMMISSION TO TAKE DEPOSITION.—Where a commission to take the deposition of a non-resident witness, without being directed to any particular person as commissioner, was directed to any judge, master in chancery,

notary public or justice of the peace of the county in which the witness resided and was executed by a notary public of that county, *held*, that this mode of directing a commission is warranted by the statute.

3. WAIVER OF OBJECTIONS.—A motion to suppress a deposition upon a specific ground is a waiver of all other grounds of objection.

APPEAL from the County Court of Cook county; the Hon. RICHARD PRENDERGAST, Judge, presiding. Opinion filed February 2, 1887.

Mr. JOHN M. BEVERLY, for appellant.

BAILEY, J. This suit was commenced by Annie Nikirk against William H. Brackett before a justice of the peace, and afterward taken by appeal to the county court, where a trial was had before the court and a jury, resulting in a verdict and judgment in favor of the plaintiff for $72.90.

On the day the cause was reached for trial in the county court, but before the trial commenced, the defendant moved to suppress the plaintiff's deposition, taken in the Territory of Dakota, before a notary public, under and by virtue of a commission issued by the justice of the peace, the only ground specified in the motion being that no commissioner was named in said commission. Said motion was overruled, the bill of exceptions reciting that it appeared to the court from evidence adduced, that said deposition was opened and read on the trial of the cause before the justice of the peace without objection, in the presence of the defendant and his counsel.

The rule seems to be well recognized that after a deposition taken in a cause has been read without objection upon one trial, it can not afterward be objected to on account of any defect existing at the time it was so used. Evans v. Hettich, 7 Wheat. 453; Spence v. Smith, 18 N. H. 587; Hill v. Meyers, 43 Pa. St. 170; McMillan v. B. & M. R. R. Co., 56 Iowa, 421; Woodruff v. Monroe, 33 Md. 146; Brayton (Vt.), 77. This is upon the principle that a party, by allowing a deposition to be read without objection, thereby waives any defect or irregularity in the mode in which it has been taken, and is precluded from afterward alleging or taking advantage of what he has thus waived.

Brackett v. Nikirk.

But we do not think that the objection urged would have been tenable even if it had been interposed in apt time. The commission, without being directed to any particular person as commissioner, was directed to any judge, master in chancery, notary public or justice of the peace of the county in which the witness resided, and was executed by a notary public of that county. This mode of directing a commission to take the deposition of a non-resident witness seems to be warranted by the statute. That provides that such commission may be "directed to any competent and disinterested person as commissioner, or to any judge, master in chancery, notary public or justice of the peace of the county or city in which the witness may reside." R. S., Chap. 51, § 26. Under such direction, as we understand the statute, any one of the officers named would be competent to take the deposition, and so long as this desposition was actually taken by a notary public of the county, it seems to be quite immaterial that no individual was expressly named as commissioner. His name, under the circumstances, would have been mere surplusage, and its omission was immaterial.

It should be observed that no complaint was made in the defendant's motion to suppress, that the deposition was not properly taken, or that it was not taken by the proper officer, the only ground stated being, that "no commissioner was named in the commission." A motion to suppress a deposition upon a specific ground is a waiver of all other grounds of objection. Bartee v. Jones, 33 Ala. 34; Saltmarch v. Bower, 34 Id. 613.

The suit was for services rendered by the plaintiff to the defendant as cook in his hotel, for a number of years, the defense being payment. The evidence bearing upon the issues thus raised was in many respects quite conflicting, the plaintiff's evidence tending to show a considerable balance yet due her for her wages, and the defendant's evidence tending to show that she had been paid in full. We are unable to say that the jury were mistaken in their conclusion as to the facts, and we see no reason for disturbing their finding.

There being no error in the record, the judgment will be affirmed.

Judgment affirmed.