## S. A. E. WALTON *v.* JOHN WALTON'S ESTATE.

*Deposition may be used in Appellate Court. Report of referee. Exceptions.*

1. Depositions taken for use in the trial of a cause before commissioners appointed by the Probate Court may be used upon the trial of the same cause before a referee appointed by the County Court, where it has gone upon appeal.
2. The Supreme Court will not review the rulings of a referee, unless some question is submitted for the consideration of the court by the referee, or exceptions to the report have been filed in the County Court.

Appeal from an order of the Probate Court for the district of Randolph accepting the report of commissioners upon the estate of John Walton by which the claim of the appellant, S. A. E. Walton, against said estate, was disallowed. Heard upon the report of a referee and exceptions thereto at the June term, 1890, Tyler, J., presiding. Judgment for the defendant.

The appellant excepts.

The referee found for the defendant without submitting any question of law to the court, or making any alternative finding. The only exception taken to the report in the County Court by the appellant was for that the referee received in evidence certain depositions which had been originally taken to be used in the trial of this same claim when pending before the commissioners.

*F. W. McGettrick*, for the appellant.

The depositions were improperly received. This was not the same cause in County Court as before the commissioners. *Austin* v. *Slade*, 3 Vt. 68; *Plimpton* v. *Somerset*, 42 Vt. 35.

*Lamb & Tarbell* and *D. C. Denison*, for the appellee.

The opinion of the court was delivered by

START, J. The depositions received as evidence by the referee were taken to be used in the trial of this cause before the commissioners appointed by the Probate Court. The plaintiff claims that the depositions thus taken could not be used as evidence on a subsequent trial of the same cause before the Appellate Court.

Sec. 1018 of R. L. provides for the taking of depositions, and reads as follows: "A deposition taken for either of the reasons, and in the manner hereafter provided, shall be admitted as evidence in any civil cause for which it is taken."

Sec. 1025 of R. L. provides that: "Depositions of witnesses living without this state, if taken agreeably to the provisions of this chapter, or of the laws of the state in which they are taken, shall be allowed in any court."

Sec. 1036 of R. L. provides that: "When a cause is discontinued by reason of the death of a party, the depositions taken in the cause, before such death, other than the depositions of the parties, shall, so far as pertinent, be admissible in a subsequent suit or proceeding between the same parties, their heirs, representatives, or estates, involving the same subject-matter or any part thereof."

The enactment of the first two sections above quoted was prior to that of the last; and it would seem that the legislature, in making this provision, did not consider legislation necessary to enable a party to use a deposition in an Appellate Court, that had been taken for use in the court from which the appeal was taken, but did consider legislation necessary to authorize its use in a different action from the one in which it was taken to be used. Such legislation would seem to have been necessary, in view of the holding of the court in *Austin* v. *Slade's Admrs.*, 3 Vt. 68. In that case the action in which the depositions were

taken, was discontinued by reason of the death of the defendant, and the cause of action presented to commissioners for allowance. An appeal was taken from their decision to the County Court, and it was held that the suit in which the depositions were taken, was terminated.

This is the same action that was tried before commissioners, and it came to the Appellate Court in the manner provided by law. The depositions were taken to be used in this action ; and the statute has not limited their use to any particular time, or to any particular tribunal, but only to the action in which they were taken to be used. The action in which the depositions were taken to be used, was on trial before the referee, and the depositions were properly received and considered by him. *Walsh* v. *Pierce,* 12 Vt. 130 ; *Perry* v. *Whitney,* 30 Vt. 390 ;. *Randolph* v. *Woodstock,* 35 Vt. 291.

The other questions presented in argument by counsel for the plaintiff are not properly before the court for consideration. They do not appear to have been raised or considered in the County Court. The referee has submitted no question to the court in respect to them, and the only exception to the referee's report, filed in the County Court, was to his ruling upon the question of the admissibility of the depositions above mentioned. This court will not review the rulings of a referee, unless some question is submitted for the consideration of the court by the referee, or exceptions to the report have been filed in the County Court. *White* v. *White,* 21 Vt. 250 ; *Graham* v. *Stiles,* 38 Vt. 578 ; *Wilder* v. *Stanley et al.,* 49 Vt. 105. When no questions of law are referred to the court by the referee, and it is claimed that he, intending to follow the law, has mistaken it, or has allowed improper testimony to be introduced before him, the attention of the County Court should be called to the claimed error by exceptions to the report, or by a motion to re-commit.

Exceptions to the report were as necessary for properly bringing to the attention of the County Court the rulings of the

Walton *v.* Walton's Estate.

referee, in respect to the right of counsel to appear for the executor of Hall's estate, and as to the admissibility of the plaintiff's letters and specifications, as they were for raising the question of the correctness of his ruling upon the admissibility of the depositions. The plaintiff having failed to bring these rulings to the attention of the County Court by exceptions to the report, filed in that court, or by a motion to re-commit, must be understood as having waived the objections and exceptions made and taken on the trial before the referee. It is not enough to have the objections and exceptions noted on the hearing before the referee. Unless the referee submits such objections to the court in such a manner as to make the result of his finding depend upon the correctness of his rulings, they must be insisted upon in the County Court by exceptions to the report, filed in that court, or by a motion to recommit.

*Judgment affirmed, and cause certified to the Probate Court.*