## ELDRIDGE v. COMPTON.

No. 1173.    Opinion Filed November 14, 1911.

(119 Pac. 1120.)

1.    **DEPOSITIONS—Certificate of Officer—Relationship.**  A deposition should not be suppressed because the officer taking it does not certify that he is not related to either of the parties, unless there is some affirmative showing of such relationship; the presumption being that the officer is qualified.

2.    **SAME—Objections—Failure to Raise.**  When a deposition has been read in evidence at one trial, without objection, it is too late thereafter to raise purely technical objections which were apparent on the face of the deposition prior to the first trial.

(Syllabus by Ames, C.)

*Error from District Court, Oklahoma County; R. H. Loofbour-row, Judge.*

Action by C. A. Compton against G. C. Eldridge.   Judgment for plaintiff, and defendant brings error.   Reversed and remanded.  ·

*Thorp & Thorp,* for plaintiff in error.

*O. C. Tarpenning,* for defendant in error.

Opinion by AMES, C.   This case was originally filed in the probate court of Oklahoma county, on December 20, 1905, by C. A. Compton, plaintiff (defendant in error), against G. E. Eldridge, defendant (plaintiff in error).   The defendant took depositions at Tulsa, Indian Territory, on May 15, 1906; both parties being present.   The notary public certified "that I am not attorney for either of said parties, or otherwise interested in the event of said action," but did not certify that she was not related to either of the parties.   The case was tried in the probate court in March, 1907, where this deposition was read, without objection to the certificate.   Judgment was rendered for the plaintiff, and the defendant appealed to the district court, where he was entitled to a trial *de novo.*   1 Wilson's Rev. and Ann.

St. 1903, sec. 1881; 2 Wilson's St. sec. 5046; *Pinson v. Prentise,* 8 Okla. 143, 56 Pac. 1049.   On November 18, 1908, on motion of the plaintiff, the deposition was suppressed upon a motion alleging, as reasons therefor, that it failed to show the witness was of legal age to testify, or that the deposition was reduced to writing; and that the certificate did not show that the notary was not related to either party.   A continuance was granted the defendant, who discovered that the witness had removed to Detroit and the notary to Kansas, and at the time the case was set for trial he had been unable to secure an amended certificate, or another deposition from the same witness, and was compelled to go to trial without this testimony.   The testimony of the witness was material.

The only ground of objection to the deposition, which is supported by an inspection of it, is that the notary public does not certify that she was not related to either party.   The statute provides that "the officer before whom depositions are taken must not be a relative or attorney of either party, or otherwise interested in the event of the action or proceeding."   (Comp. Laws 1909, sec. 5870.)

And further that:

"The officer taking the deposition shall annex thereto a certificate, showing the following facts:   That the witness was first sworn to testify the truth, the whole truth, and nothing but the truth; that the deposition was reduced to writing by some proper person, naming him; that the deposition was written and subscribed in the presence of the officer certifying thereto; that the deposition was taken at the time and place specified in the notice." (Comp. Laws 1909, sec. 5879.)

It thus appears that, while the officer must not be a relative of either party, the statute does not require him to so certify in his return; and, in the absence of any showing to the contrary, we think there is a presumption that the officer is not related, particularly where his certificate follows the form prescribed by the statute.   *Gregg v. Mallett,* 111 N. C. 74, 15 S. E. 936.

But, even if this were not true, the objection raised is one which was apparent at all times on the face of the deposition,

and as the deposition had been read in evidence in the probate court, without objection, we think it was too late after the appeal to raise a purely formal objection.

In *Brackett v. Nikirk,* 20 Ill. App. 525, 526, this question arose. The deposition there had been read in a justice court, and on appeal to the county court a motion to suppress, based on some formal objection, was presented. In passing, the court says:

"The rule seems to be well recognized that after a deposition taken in a cause has been read, without objection, upon one trial, it cannot afterward be objected to on account of any defect existing at the time it was so used. *Evans v. Hettich,* 7 Wheat. 453, 5 L. Ed. 496; *Spence v. Smith,* 18 N. H. 587; *Hill v. Meyers,* 43 Pa. 170; *McMillan v. B. & M. R. R. Co.,* 56 Iowa, 421, 9 N. W. 347; *Woodruff v. Munroe,* 33 Md. 146; *Pettibone v. Rose* Brayt. (Vt.) 77. This is upon the principle that a party, by allowing a deposition to be read without objection, thereby waives any defect or irregularity in the mode in which it has been taken, and is precluded from afterward alleging or taking advantage of what he has thus waived."

In 6 A. & E. Ency. of P. & P., p. 601, it is said:

"Objections which are waived by failure to make them at the proper time cannot be made when a deposition is offered on the retrial."

In 13 Cyc. at p. 1020, it is said:

"Objection to a deposition should be made when the opportunity first presents itself, or it will be considered waived; and especially is this the case where there has been a former trial of the cause, and no objection was therein noted. By allowing a deposition to be read once, without objection, a party waives all objections to any informality or irregularity in the taking of which he has knowledge; and thereafter he can only raise objections to the competency of the witness or the subject-matter of the deposition."

See, also, *McMillan v. B. & M. R. R. Co.,* 56 Iowa, 521, 9 N. W. 347; *Spence v. Smith,* 18 N. H. 587; *Bartlett v. Hoyt,* 33 N. H. 151; *Hill v. Meyers,* 43 Pa. 170; *Walsh v. Pierce,* 12 Vt. 130; *Peshine v. Shepperson,* 58 Va. 472, 94 Am. Dec. 468, 471.

As there was some material evidence in the deposition, we think the case should be reversed, and remanded for a new trial.

By the Court: It is so ordered.

All the Justices concur.