Note.—See under (1) 25 Cyc, p. 1463; (2) 25 Cyc, pp. 1450, 1455, 1478.

---

**OSAGE OIL & REFINING CO. et al. v. UNION NAT. BANK.**

No. 14463—Opinion Filed March 3, 1925.

**Depositions—Admissibility — Correction of Mistakes as to Dates.**

On a motion to suppress a deposition on the ground that there was a variance between the date in the notice to take the deposition and the date in the certificate of the officer taking the same as to the date of taking, and on the hearing of the motion, counsel for the party taking the deposition asked for and obtained leave of the court to withdraw the deposition for the purpose of having the mistake corrected to conform to the facts, and the court directed the attorney to return the deposition to the officer so that it might be corrected, and the officer corrected the date to conform to the facts and returned it to the attorney, who deposited it in the files in the clerk's office, and there was no contention that the deposition had been tampered with or changed except the changing of the date in the certificate. Held, it was not error to admit the deposition in evidence.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by Union National Bank of Bartlesville against Osage Oil & Refining Company, J. E. Whitehead, and George F. Geiger. There was judgment for the plaintiff, and defendants bring error. Affirmed.

W. M. Redwine and J. E. Whitehead, for plaintiffs in error.

Wilson, Tomerlin & Threlkeld, for defendant in error.

Opinion by MAXEY, C. This is an action on a promissory note executed by the Osage Oil & Refining Company and J. E. Whitehead to George F. Geiger on the 10th day of March, 1921, for the sum of $1,626, with interest at the rate of 10 per cent. and the usual provisions for attorneys' fees, which said note was afterwards assigned by George F. Geiger to the plaintiff, Union National Bank of Bartlesville. Suit was instituted on said note by the Union National Bank on the 24th day of September, 1921, and a trial of the case was had on the 22nd day of December, 1921, before the court and a jury, resulting in a verdict and judgment for the plaintiff. The principal contention of counsel for plaintiffs in error for reversal is the overruling of the defendants' motion to suppress the deposition of R. L. Beatty, the president of the Union National Bank, the plaintiff. We regard this motion and the argument in support of same as highly technical and counsel have devoted almost their entire brief to a discussion of this assignment of error, and have cited many authorities from the courts of other states and from the federal courts, but in our judgment none of these authorities apply to the situation here presented, as the vital point here presented is: Did the court err in permitting counsel for plaintiff to withdraw the deposition after it had been returned by the notary and published? After the deposition was published, it was discovered by defendants' attorneys that the date of the taking of the deposition was given in the notary's certifi-

cate as November 9th and the date for taking the deposition in the notice was November 14th. Counsel for defendants filed a motion to suppress the deposition on account of this variance. The grounds of the motion to suppress are as follows:

"1. The notice for the taking of such deposition is indefinite and insufficient as to the place of taking.

"2. The notice for taking said deposition is stated as November 14th, and the certificate attached to said deposition shows that same was taken on November 9th, 1922, and the envelope enclosing said deposition does not show that the same were taken by or before any person as the law directs."

On the hearing of this motion, the court intimated that it thought the second ground of the motion was good. Whereupon counsel for plaintiff asked in open court leave of court to withdraw the deposition and return it to the notary for the correction of the date, so as to express the truth. Leave was granted to return it to the notary and upon inquiring of the court as to how the deposition should be sent to the notary, the court indicated that it would be all right for the attorneys to send it direct to the officer taking same, and ask him to correct the certificate to conform to the facts, and this was done and the notary corrected the date in the certificate and returned it to the attorney and he took it to the clerk's office and put it in the files of the case. Counsel for defendants then added a third ground to their motion to suppress as follows:

"3. The envelope enclosing said deposition does not show that the same was taken by or before any person as the law directs and since the same has attempted to be so amended said deposition has not been enclosed in a new envelope addressed to the clerk of this court nor filed herein as the law directs."

The matter then came up before the court and after some wrangling among counsel, the court said:

"The Court: How did these depositions get back here in the clerk's office, or have they been here since? A. Yes, sir. The Court: How did they get there? A. I brought them back myself, took them out under leave of court and returned them. The Court: You just—did you put them in that envelope when you brought them back? A. Yes, sir; in the jacket. The Court: And you didn't seal the envelope, that is what I am trying to get at? A. No, sir. The Court: I am just wondering if there is anything in that point or not. The deposition was taken out by leave of court? A. Yes. The Court: As I understand from your statement when it came back to you from the notary that with the date appearing, everything appearing on the 14th as appears here now and that you then brought it up to the clerk's office and filed it there in the original envelope? A. Yes, sir. The Court: The motion is overruled. The motion to suppress the deposition is overruled."

The trial was then had, and the plaintiff introduced in evidence the deposition of R. L. Beatty, the president of the plaintiff bank, to which was attached a copy of the note sued on and a number of letters from the defendant J. E. Whitehead, active vice president of the Osage Oil & Refining Company, in which letters Whitehead was begging for an extension of time on said note and offering to pay the interest up to date, and did send a check to cover the interest. The defendant Geiger, the indorsee of the note, consented to an extension, but it does not appear that the other defendants did consent, but brought this suit to collect same. This deposition of R. L. Beatty, with the exhibits thereto, was all the testimony offered by plaintiff, and the defendants put D. S. Levy, an attorney at law of Oklahoma City, on the stand, who testified as to the handwriting of the signatures to the exhibits to the depositions. He testified that he was a practicing lawyer and that in his profession he received a great many letters and was familiar with comparing signatures, and that in his opinion three of the signatures were not signed by the same person as the first three, and as to the other one, he could not say. This testimony, if proper, is very unsatisfactory and sheds very little light on this controversy. The plaintiff also introduced the original note. At the close of the testimony, both parties moved for an instructed verdict. The motion of the defendants was overruled by the court and the defendants excepted and the motion of the plaintiff was sustained, and the court instructed the jury to return a verdict for the plaintiff for the amount sued for and defendants excepted. The defendants filed a timely motion for new trial, which was overruled and defendants excepted and have brought the case to this court by petition in error, with case-made attached.

The authorities cited by plaintiffs in error are from the different state courts and federal courts, but none of them pass on the exact question here presented. It will be observed from the foregoing statement that everything was done in open court, and there was no objection made to the manner suggested by the court of transmitting the deposition to the notary and his return of

the deposition after being corrected. It is shown that the change which was made in the deposition was changing the date from the 9th of November to the 14th of November, which it is conceded was the date given in the notice to take depositions. Counsel have cited several sections of our statutes on the taking of depositions and insist that they are mandatory and any deviation from the statutes is fatal and insist because the deposition was returned to the notary and by him returned to the attorney for plaintiff and by him refiled in the clerk's office that that fact invalidates the deposition, and it was improperly admitted. The sections of our statutes referred to by plaintiffs in error in their brief are the proper guide to taking of depositions and returning same to the clerk of the court, so that they cannot be tampered with. In this case, there is no contention but what the depositions were properly returned as required by statute to the clerk in the first instance and were open and published and examined by counsel for defendants, and the error in the date discovered. There is no contention by counsel for plaintiffs in error, that anything was changed in the deposition except the date as above stated. There is no contention that the deposition was in any way tampered with, but that it was in the same condition when it was returned except the correcting of the date from November 9th to the 14th. There is but one case cited by counsel in their briefs from our own court on this particular point, and that is the case of Eldridge v. Compton, 30 Okla. 170, 119 Pac. 1120, and the quotation from this case goes to show that this court has adopted very liberal views in regard to taking depositions:

"A deposition should not be suppressed because the officer taking it does not certify that he is not related to either of the parties, unless there is some affirmative showing of such relationship; the presumption being that the officer is qualified."

In this case, there is an absence of any showing that the deposition was tampered with, and we do not think the motion to suppress should have been sustained, and think the court was right in overruling same. The plaintiffs in error insist that the motion to make more definite and certain directed against plaintiff's petition should have been sustained and based the motion on the alleged fact that Geiger was the only one of the defendants who agreed to the extension. We think the letters attached to Mr. Beatty's deposition are sufficient to show that the other defendants not only consented but were persistent in urging the extension, for these letters with the name of J. E. Whitehead, president of the Osage Oil & Refining Company, or J. E. Whitehead individually was signed to them; and exhibit "A" is the note sued on, "B" is a letter from Whitehead as president, and is begging for time and offering to pay the interest, "C" is a letter from Whitehead saying that it is impossible to take care of the obligation at this time, and incloses check for the interest, and asks that it be credited on the note, "D" is begging for time and pleading of hard times generally, "E" is to the same effect and asking them to be patient and extend the time, "F" is begging for co-operation and an extension. While Mr. Levy did not think all of the signatures were made by the same person, the letters are all of the same tenor and effect. Mr. Whitehead was present at the trial as one of the attorneys. He did not take the stand to deny a single letter or his signature to them, so we do not think there is any error in the court's ruling on this matter. The last error assigned is directed to the court's sustaining a directed verdict. Both parties ask for an instructed verdict, and the rule, as we understand it, is that when both parties ask for an instructed verdict that this is equivalent to saying to the court that there is nothing to submit to the jury, and in this case we think the court was right in denying defendants' motion for a directed verdict, and was also right in sustaining the plaintiff's motion. It must be remembered that the defendants did not offer any testimony whatever on the merits of the case, but satisfied themselves with the technical questions that they had raised during the trial. On the whole case, we think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 18 C. J. pp. 722, 723, 724.