LEWIS HURLBURT *v.* GEORGE H. HENDY AND CALVIN T. HOUGHTON.

*Proceedings in actions on joint contracts. Discharge of an indemnity.*

The act of 1851 " relating to defendants in actions on joint contracts" allows all courts in this state, in all actions *ex contractu* against more than one defendant, to render judgment against such as are found liable, and in favor of those not found liable.

A person indemnified cannot ordinarily substitute another security of the principal debtor, without releasing the guaranty or indemnity; and in no case, without there is a positive and invincible necessity for so doing.

BOOK ACCOUNT. The auditors reported that the whole of the plaintiff's account was for goods sold to and services performed for the defendant Hendy alone, in which the defendant Houghton was in no way interested; that the plaintiff was not entitled to recover against Houghton; and if he could recover a judgment against Hendy alone, in this suit, the balance due the plaintiff from said Hendy was $331.74, with interest from January 20th, 1853.

The auditors further reported that the defendant Hendy, claimed in offset to the plaintiff's account one-half the amount of a note for $440.00 signed by one Thomas W. Green, dated December 9th, 1852, payable to Hendy's order, fourteen days from date, at the bank of Brighton, in reference to which they found the following facts. In the fall of 1852, the plaintiff and defendants were associated in purchasing and taking to Brighton, for sale, a drove of cattle, in the profits or loss on which the plaintiff was interested in the proportion of one-half and the defendants one-quarter each. In the latter part of November, 1852, Hendy sold thirty-one head of said cattle, which were left in his charge, to the said Thomas W. Green, for four hundred and forty dollars, for which he took said Green's note, payable to his order, seven days from date, at the bank of Brighton where, by endorsing the note, he obtained the money upon it. Soon after this a settlement and division of the proceeds of the drove, including the sum received on the note, was made to the satisfaction of all the parties. At this time the plaintiff was informed by the defendants respecting said sale, note, &c., and the settlement and division was made with the understanding and on the verbal agreement of the plaintiff, that if the note could not be collected and should prove a loss he would bear one-half of it and pay back to Hendy one half the amount of the note. When the note became due, Green told Hendy he could not pay it, and wanted further time, and Hendy furnished the money to take it up, and on the 9th of December, Green gave the note upon which Hendy made his claim, to take the place of the first note. The last note was protested at maturity and Hendy commenced a suit and recovered a judgment against Green upon it in the supreme court of Rhode Island, but was unable to obtain any payment upon it, said Green being bankrupt. The plaintiff had no knowledge that Hendy had furnished Green the money to pay the first note and taken a new note for it, or that any claim existed or would be made on him on the ground that said note could not be collected until the last week in February, 1853, when Hendy so informed him and made a claim upon him, but the plaintiff refused to pay him, and denied his liability.

The right of Hendy to recover the amount thus claimed in offset was submitted to the court upon the foregoing facts.

The county court, December Term, 1854,—Pierpoint, J., presiding,—decided that the plaintiff was entitled to recover of the defendant Hendy, the said sum of $331.74, with interest from Jaunary 20th, 1853, to which decision the defendants excepted.

*F. E. Woodbridge* for the defendants.

The plaintiff was informed by Hendy, before the settlement, of the whole transaction, and promised to pay one half the note if it should prove a loss. The payment of the money to the plaintiff by Hendy was a sufficient consideration for this promise.

The furnishing the money by Hendy to Green to take up the first note and give another in its place did not alter the plaintiff's liability. Hendy acted with ordinary prudence ; when the note became due Green could not pay it, and Hendy ought not to have suffered a protest and incurred costs for himself and the plaintiffs.

*J. Pierpoint,* for the plaintiff.

The county court did not err in discharging Houghton and proceeding against Hendy. Acts of 1851, p. 6.

The plaintiff's promise was only to be answerable for the debt or default of Green, and should have been in writing. It was collateral to that of Green, and was only to be performed in case Green failed to pay the note. 37 Com. Law Rep. 142. Chit. on Con. 248.

If the plaintiff was originally liable on his promise, he was discharged when Green took up the first note and Hendy took a new one payable at a future time. 21 Com. Law Rep. 253.

The plaintiffs's agreement was only to indemnify Hendy against his endorsement of Green's note to the Bank of Brighton. This would not extend to the endorsement of a renewal note. *Peters v. Goodrich,* 3 Conn. 146.

The opinion of the court was delivered by

Redfield, Ch. J. I. We see no reason to doubt that the statute of 1851 allows all courts in this state, in all actions *ex contractu* against more than one defendant, to render judgment against such as are found liable, and in favor of those not found liable. This would entitle the plaintiff to recover on his book account against Hendy alone.

II. In relation to the offset, (or setoff) we do not very well see how the defendant Hendy can make out any claim, in this action, or probably in any other. To recover, Hendy must show that the money was virtually paid for the benefit of plaintiff, and that by the contract, or in some way it became the plaintiff's debt to pay.

The most that could be made of the evidence, or finding of the auditors is, that plaintiff agreed to indemnify Hendy against half the loss he might sustain, by reason of having endorsed this note. And allowing that a verbal contract of this kind, made upon sufficient consideration, as this was undoubtedly, would be binding upon plaintiff, and although hesitating at first, whether it should not be in writing, I should now think it would be valid without writing as between the original parties, from whom the consideration moved, and was received, still the same rules will apply to it, as to written indemnities. And in such cases, the person indemnified cannot ordinarily substitute another security of the debtor, without releasing the guaranty or indemnity. And in no case could this be done, without showing clearly a positive and invincible necessity for so doing. And nothing more appears in the present case, than that Green told Hendy he could not pay the note, and therefore Hendy paid it. We think the plaintiff had the right to have the matter brought to final issue when the first note became due, and if that had been done, there is no certainty it might not have resulted in payment. At all events, as that seems to have been the nature of plaintiff's undertaking, he is not obliged to be subjected to any other contingency, without consent. And as the defendant Hendy, by his own act has rendered it impossible to be determined, whether the note could have been then enforced, he must assume the debt, or at all events the burden of showing beyond all peradventure that the debt would not have been paid, if he had not furnished the money.

Judgment affirmed.