JOHN REYNOLDS v. S. M. FIELD.

*Joinder of Parties.   Partners.   Statute.*

Section 78 of chapter 30 of the General Statutes, providing that in actions on joint contracts, judgment may be rendered against a part of the defendants, etc., covers all cases of defendants in the actions to which it applies, whether the defendants are described and declared against as partners, or otherwise.

Where a party is joined as co-defendant, under section 79 of said chapter, the plaintiff may become nonsuit as to him, and recover against the other defendant the same as though the suit had been brought originally against both; and an amendment rendered necessary by the joinder of a party as co-defendant, may properly be stricken out when *nonsuit* as to him is entered, although it is not necessary that it should be stricken out.

A declaration which is sufficient to hold all the defendants to a trial, is sufficient under the statute to support a judgment against any one or more of the defendants who shall upon trial be found liable.

ASSUMPSIT.   Plea, the general issue.   Trial by jury, December term, 1867, STEELE, J., presiding.

This action was brought to recover pay for twenty-two sheep which the plaintiff sold to one John S. Smith, whom the jury found by their verdict to have been the agent of the defendant in making the purchase.   On the justice trial, as appears by the copy of record, the defendant insisted that the plaintiff could not recover, because the plaintiff's evidence tended to show the sale to have been to Field & Clough, and not the defendant.   Field & Clough was the name of a firm of which the defendant and Chas. R. Clough were the members. The justice held that the defendant's point was well taken, and thereupon an amendment was made, on the plaintiff's motion, by which said suit thereafter proceeded against said firm, and said firm appeared and defended, and recovered judgment.   The plaintiff appealed, and on trial in the county court the testimony of Field and of Clough was distinct, that the firm of Field & Clough had no transactions in sheep, but did have a business in dealing in horses, and Field dealt in sheep on his own account; and, during the progress of the case and while the testimony was being introduced and after the plaintiff had rested, the defendants moved the court to order a verdict for the defendants, upon the ground that there was no evidence that said firm ever had said sheep,

15

or employed said Smith to buy them. The court ruled that there was no evidence tending to show that said firm was liable, and that, as the defendant Field had the sheep, the only question of fact upon the evidence was whether said Smith was the agent of Field in purchasing the sheep of the plaintiff. The plaintiff then desired to enter a nonsuit as to the defendant Clough, and to strike out the amendment allowed by the justice. The court, without any expression of opinion, refused to order a verdict for the defendants, and permitted the plaintiff to become nonsuit as to the defendant Clough, and permitted the amendment allowed by the justice to be stricken out, and the case to proceed against the defendant Field alone ; to all which the defendants excepted.

Upon the completion of the evidence and arguments of counsel, the case was submitted to the jury upon the question of the agency of said Smith, and the jury returned a verdict for the plaintiff to recover the sum claimed.

*W. D. Crane* and *J. T. Allen*, for the defendant, cited *Barry* v. *Foyles*, 1 Peters, 311 ; *Tuttle* v. *Cooper*, 10 Pick., 281 ; Coll. on Part. (5th ed.), 682, § 725 ; 7 Bac. Ab., 220, and cases there cited ; *Emerson* v. *Wilson*, 11 Vt., 357 ; *Bowman* v. *Stowell et al.*, 21 Vt., 309 ; *Winn* v. *Averill et al.*, 24 Vt., 283.

*D. K. Simonds*, for the plaintiff, cited Gen. Sts., ch. 30, §. 78, § 79 ; *Hurlburt* v. *Hendy et al.*, 27 Vt., 245 ; *Powers* v. *Thayer et al.*, 30 Vt., 362 ; *Emerson* v. *Wilson*, 11 Vt., 357 ; *Dodge* v. *Tileston*, 12 Pick., 328 ; *Slater* v. *Nason*, 15 Pick., 345 ; *Guilford* v. *Adams*, 19 Pick., 376.

The opinion of the court was delivered by

WILSON, J. This suit was originally commenced before a justice against the defendant Field alone. While the action was pending before the justice, one Chas. R. Clough was joined as co-defendant, and the suit thereafter proceeded before the justice against Field & Clough as partners. They recovered judgment before the justice, from which judgment the plaintiff appealed. On trial of the suit in the county court, that court ruled that there was no evidence tending to show that the firm of Field &

Clough was liable, and that, as the defendant Field had the sheep, the only question of fact upon the evidence was whether one Smith was agent of the defendant Field in purchasing the sheep of the plaintiff. The county court permitted the plaintiff to become nonsuit as to the defendant Clough, and permitted the amendment allowed by the justice to be stricken out, and the case proceeded against Field alone. The principal question presented for adjudication, is whether the county court erred in allowing the plaintiff to become nonsuit as to the defendant Clough, and to proceed against the defendant Field. This question leads us to consider the statute relating to the misjoinder and non-joinder of persons as defendants in actions founded on contract.

Section 78 of chapter 30 of the General Statutes provides that, "In any action founded on a contract express or implied, or of account or book account, pending before any court in this state, in which more persons than one are defendants, the plaintiff shall be entitled to judgment against such as may be defaulted, and against those who shall upon trial be found liable, notwithstanding it shall be found upon said trial that all the defendants in said action are not jointly liable." It is claimed by the defendant's counsel, that where a suit is brought against several, in which they are declared against as joint debtors, a recovery must be had against all or none. Independent of the statute on the subject, this objection would be fatal to a recovery against either of the defendants in this action. But the statute is remedial in its character ; it should be construed in reference to the principles of the common law, and receive such a construction as will repress the mischief and advance the remedy according to the intention of the lawgiver. We are agreed that the statute was intended to cover all cases of defendants in the actions to which it applies, whether the defendants are described and declared against as partners, or otherwise declared against on a joint contract. If the legislature had intended to limit the operation of the statute to a contract which is both joint and several, or to except from the provisions of the statute those cases where the defendants are declared against as partners, or otherwise

declared against on an alleged joint contract, some provision excepting such cases, would have been inserted.

The statute of 1835 extended the rule of the court of chancery in relation to the joinder of parties, to actions at law upon contract. In the case of *Nash* v. *Skinner*, 12 Vt., 219, which was tried while the statute of 1835 was in force, the defendant Skinner, Henry Bulkley, Solomon Bulkley and Henry L. Sabin, the last three copartners under the style and firm of H. & S. Bulkley & Co., were sued, and declared against in the first count of the declaration, as joint promisors, and in the second count said Skinner and defendants Bulkley & Co. were declared against as joint guarantors of a certain note. In that case it was claimed by the defendant, that, inasmuch as the declaration issued against Skinner and H. & S. Bulkley & Co., the plaintiff, to support his declaration, was bound to prove a joint contract made by them all; but the court in delivering the opinion in that case say: "Our statute (1835) provides that, when any of the defendants are not a party to the contract, the plaintiff may recover against the other defendants who are shown to have made the contract." The statute of 1835 on this subject was repealed by the Revised Statutes of 1839. The provisions of the statute of 1851, as amended by the statute of 1852, are substantially the same as those contained in sections 78 and 79 of chapter 30 of the General Statutes. In the case of *Hurlburt* v. *Hendy et al.*, 27 Vt., 245, the court say: "We see no reason to doubt that the statute of 1851 allows all courts in this state, in all actions *ex contractu* against more than one defendant, to render judgment against such as are found liable, and in favor of those not found liable." In *Powers* v. *Thayer et al.*, 30 Vt., 363, the court recognize the same principle. In the present case, if the writ had originally issued against Field & Clough as partners, declaring against them as joint promisors, the declaration, under section 78 of the statute, would be treated sufficient to entitle the plaintiff to recover against both defendants, if found liable, and, by the same provision of the statute, it would be a sufficient declaration to entitle the plaintiff to judgment against either of the defendants, if found liable as a party to the contract, even though the other defendant was not

a party to the contract. The writ was not originally issued against Clough, but he was joined as defendant under the provisions of section 79 of said chapter. That section provides, among other things, that, if it shall appear at any time before final judgment, that any other person or persons is or are a party to the contract, and ought to have been joined in said suit as co-defendant or co-defendants, the plaintiff shall have a right to take out a writ of summons or attachment, in which shall be set forth the same declaration as in the original suit, with the name of the additional defendant. It further provides that, in case said writ is duly served and returned, the name of said additional defendant shall be entered in the original action, and the same shall proceed and be adjudicated in the same manner as if the writ had originally issued against such defendants. No question is made but that Clough was duly notified of the suit, and that his name was regularly entered in the action as one of the defendants therein. It is said by the defendant's counsel, that evidence which tended to show either of said firm liable individually, is not admissible, because the defendants are declared against as joint promisors, and not joint and several. This objection is answered by section 78 of said statute; besides this, under a similar statute, it is held no ground of variance if the proof does not show that all the defendants were parties to the contract. 12 Vt., 219. It is further objected by the defendant, that the declaration or cause of action could not be restored in the county court to what it was before the amendment made by the justice. This proposition is not sound. It assumes, 1st, that the cause of action is different from that set forth in the original declaration against Field, and inserted in the writ against Clough by which he was joined as defendant. 2d, the defendant's proposition assumes that no judgment could be rendered against either defendant alone, unless the declaration as originally made against Field, and set forth in the writ against Clough, could be restored, nor until it had been restored to what it was before the amendment made by the justice. In the original suit the plaintiff first sought to recover against Field alone, claiming that the sheep were purchased by him of the plaintiff. On the trial before the justice there was

evidence tending to show that the sheep were purchased by Field & Clough as partners. Clough was joined as defendant, and then the questions in issue were whether Field & Clough were liable, and if not so liable, whether either of them was liable to pay the plaintiff for the sheep, the alleged sale of which to Field, or Field & Clough, was and is the only contract or cause of action disclosed by the pleadings or evidence in the case. Section 79 above mentioned provides that, when the name of said additional defendant shall have been entered in the original action, *the parties shall have a right to plead in the same manner as if such action had been originally brought against all of said defendants.* By this provision of the statute, the plaintiff had a right to file a declaration declaring against the defendants as partners and joint promisors in respect to the sale of the sheep to them, in the same manner as he could and probably would have done in the original writ and declaration, if that writ had originally issued against both defendants. And this is all the amendment the defendant claims was allowed by the justice. It does not appear that any amendment was made, not authorized or rendered necessary in consequence of the joinder of Clough as defendant. It is the same debt which the plaintiff sought to recover when the writ and declaration originally issued against Field alone. The joinder of Clough, and proceedings against him, were for the purpose of determining whether he was a party to the contract. He was not found liable, and was, under the statute, entitled to be discharged or have a judgment in his favor, and the case might legitimately proceed against Field the same as if Clough had not been joined. After Clough was discharged, the amendment allowed by the justice was of no importance whatever, and it could not affect the right of the plaintiff to proceed against Field. It was not error for the county court to allow the amendment to be stricken out, nor was it necessary to strike it out in order to proceed against Field. There is no doubt that, if the action had been originally brought against Field & Clough, declaring against them as they are declared against by the amendment allowed by the justice, judgment might be taken against Field alone, if found liable, even though Clough was not found liable. This being so, it would be strange if the joinder of Clough agreeably to the

statute, would prevent a recovery against Field, when the statute expressly provides that the case shall proceed and be adjudicated, and the parties shall have a right to plead, in the same manner as if the action had been originally brought against both defendants. Upon the finding of the jury, the plaintiff is, by section 78, entitled to judgment against Field, notwithstanding it was not found that Clough was jointly liable with Field. If the action had been originally brought against Field & Clough, the entry of the *nonsuit* as to Clough, under the circumstances, would not require any amendment of the writ or declaration in order to proceed against Field to final judgment. By the joinder of Clough under section 79, and the amendment allowed by the justice, the action was then against Field & Clough, the same as if the writ and declaration as amended by the justice, had originally issued against both defendants; and it was just as unnecessary to strike out the amendment made by reason of the joinder of Clough, as it would have been, if both had been originally joined, to have amended the writ or declaration as against Field, after a nonsuit as to Clough. If there had been any testimony tending to show that the firm of Field & Clough was liable, the parties could have claimed that the question as to the liability of that firm, should be submitted to the jury upon the evidence. In all cases where there is testimony tending to show that all of the defendants are liable, and the cause is submitted to the triers upon the evidence, it could not be known, until after judgment or verdict, how many and which of the defendants would be found liable. Under such circumstances, the plaintiff could not know before judgment or verdict, what amendment the finding of the jury or judgment of the court would require should be made or stricken out, in order to make the declaration show, upon its face, that the action was against such defendant or defendants only as were liable ; nor does the statute require any such amendment of the writ or declaration on trial. A declaration which is sufficient to hold all the defendants to a trial, is sufficient under the statute to support a judgment against any one or more of the defendants who shall upon trial be found liable.

The judgment of the county court is affirmed.