CHITTENDEN,
January,
1834.

Hinsdill
vs.
Murray et al.

---

### SOLOMON WRIGHT vs. J. W. & A. C. GEER.

CHITTENDEN,
January,
1834.

In an action against two defendants, setting forth a joint contract to erect a mill, and declaring in tort for a misfeasance in spoiling the work, the plaintiff cannot recover against either defendant without proving a joint contract.

A declaration in tort is sustainable in such case.

But where the duty relied upon depends upon a contract between the parties, it is necessary to allege such contract and prove it as laid.

When the duty is imposed by law, and a contract is not necessary to be stated, it seems that if the declaration is in tort, and the gravamen a misfeasance, the plaintiff may recover against one defendant and not against the other.

This was an action on the case, brought against the defendants jointly. The nature of the action appears by the declaration, which was as follows, viz :

For that whereas the said Joseph W. Geer, before and at the time of the committing the grievances herein after mentioned, was a professed mill-wright, and held himself out to the world as a person well skilled in the art and mystery of building mills and water-wheels, and graduating and arranging machinery for water power, and that the said Amos C. Geer, before and at the time aforesaid, was a joint partner in his, the said Joseph's, business and occupation aforesaid, as well as in the business of farming. And that the said Joseph W. so being a mill-wright, machinist and maker of water-wheels, and the said Amos C. so being his partner as aforesaid, on or about the first day of March, A. D. 1830, at Richmond aforesaid, in consideration of being paid for their skill and labor in and about

CHITTENDEN, January, 1834.

Wright vs. Geer.

the premises, undertook and faithfully promised the plaintiff to manufacture for him and set in motion the machinery necessary for a *Trip-hammer Shop*, and so graduate and apply the water-wheel to the power of water on Thompson's brook, so called, in the town of Jericho aforesaid, as that the said water-wheel and machinery should do good business as a *Trip-hammer*. But the defendants, not regarding their said promise and undertaking and the duty of their said business and employment, so ignorantly and unskilfully manufactured the said water-wheel and the machinery therewith connected, and so ignorantly, unskilfully and negligently graduated the same to the water power of the said Thompson brook, that the said wheel and the machinery affixed to and carried by the said water-wheel became and is of no value to the plaintiff, and by reason thereof the plaintiff has wholly lost the use of the said water power and has been otherwise greatly injured and damnified.

To this declaration the defendants pleaded severally the general issue. On the trial, the plaintiff insisted, and attempted to prove, that the defendants were partners in the business as mill-wrights, and that the undertaking set forth in the declaration was joint. The defendants, on the other hand, insisted that J. W. Geer contracted alone, and that A. C. Geer was not a partner in the transaction, but a hired laborer merely. In this state of the case, the counsel of the defendants requested the court to charge the jury, that they could not find a verdict for the plaintiff unless they found a joint contract proved, and that they could not legally find a verdict against either of the defendants alone. The court refused so to charge, and did charge them that they were at liberty to find a verdict against either or both the defendants, as the evidence in their opinion might warrant. The jury found a verdict against J. W. Geer, but in favor of the other defendant.

J. W. Geer filed his exception, and the case came to this court for a hearing.

*Maeck for defendants.*—It is not to be denied that in torts generally the defendant cannot plead in abatement for non-joinder of other co-tortfeasors, and likewise that part of the defendants may be found guilty and part not

guilty, and judgment be rendered upon the verdict accor-
ding to the finding of the jury; and it is equally true that
in matters of contract, or *ex quasi contractu*, the plaintiff
must recover against all the defendants, or fail in his action.
But the rule, relative to torts, is to be confined strictly to
those cases of torts unconnected with contract; and that,
wherever the tort arises out of a contract existing between
the parties, and is founded upon a breach of that contract,
the same rules apply which govern the action of *assumpsit*.
And it will be seen, on looking at the authorities, that the
form of the action is not the criterion whether the gene-
ral rule in *assumpsit* or *tort* shall apply; but the true inqui-
ry is, what is the foundation of the action? If contract be
the foundation, it is to be governed by the rules in *assump-
sit*. This point first came before the court in *Bosou vs.
Sanford et al.*, (Salkeld, 440,) which was an action on the
case against a common carrier for not safely transporting
goods; and it was held by Ld. Holt that it was not an ac-
tion strictly *ex delicto*, but *quasi ex contractu*, and not the
contract of *one* but of *all*, and that as there was no other
tort but a breach of duty, therefore the verdict must be
against *all* or the party must fail. This case was reported
by Salkeld, Shower, Comberback, Leving, and 3d of Mod-
ern, and is embodied by Comyns in his Digest, title Abate-
ment F., and action on the case for negligence, C. And
none of these celebrated lawyers question the decision.
In *Buddle vs. Willson*, 6 T. R. 369, which was an action
of tort counting upon the custom of the realm against a
common carrier for losing goods, the question again arose,
and the above decisions fully sustained. *Slater* vs. *Baker
& Stapleton*, 2 Willson 359, the same question was de-
cided.

*Govet* vs. *Radnidge*, 3 East. 61, is the only case that
seems to question the doctrine, and even if this case is
irreconcileable with our doctrine, it will be seen that it has
been overruled by the common pleas and K. B.

In *Powell* vs. *Layton*, 5 Bos. & Pull. 364, and *Max vs.
Roberts* do. 454, both actions founded on the custom of
the realm against common carriers for a breach of duty
relative to goods entrusted to them to carry, the question
was laboriously considered by the court, and it was deci-

CHITTENDEN,
January,
1834.

Wright
vs.
Geer et al.

ded the defendant might plead in abatement that there were other part-owners not joined. In neither case was there any promise or undertaking alleged, but the plaintiff counted upon the custom of the realm; and the court decided that the contract was the foundation of the action.

*Weall* vs. *King & King*, 12 East. 452, is to the same point. *Heath*, J., who tried the case, says, "If the declaration is to be considered as an action of tort founded in contract, he should submit the case of *Govet* vs. *Radnidge* for the reconsideration of the court of king's bench how far the same could be reconciled with *Bristow* vs. *Wright* and *Bosou* vs. *Sanford*, especially as the court of common pleas had decided against the authority of *Govet* vs. *Radnidge* in *Max* vs. *Roberts*, and *Powell* vs. *Layton.*"—Chitty.

What duty was there upon the defendant except such as arose out of contract? And if there was none, see the case of *Bristow* vs. *Wright.*—Doug. 665.

But even upon the reasoning of Ld. Ellenborough, in *Govet* vs. *Radnidge*, the plaintiff is not entitled to judgment on his verdict. He considered from a contract having been alleged in *Bosou* vs. *Sanford* as the foundation of the defendant's duty, the decision might be sustained upon that ground. This declaration is in *assumpsit*, not *tort*. The promise is expressly laid, and likewise an express breach of contract.—See the reasoning of Ld. Ellenborough likewise in *Weall* vs. *King & King*, 12 East. ante.

Again : If the rules of tort, with all their consequences, are to be applied to actions of this nature, it would operate most unjustly. It is well settled that in tort there can be no contribution.—*Merryweather* vs. *Nixon*, 8 T. R. 186.

The liability of defendants, in cases of this nature, arises generally through misfortune. Suppose both had jointly contracted—that the job had been of large amount, and that the cause of action had arisen by the mismanagement of a servant employed : If plaintiff had sued one of the contractors singly, as he might do, if this verdict can stand, then the one who pays the whole can have no contribution. Such a doctrine would be unjust in the extreme, when both had enjoyed the benefit in common, and neither was wilfully guilty.

CHITTENDEN,
January,
1834.

Wright
vs.
Geer et al.

*Briggs & Sawyer for plaintiff.*—This is an action on the case, not founded on a breach of contract, but in essence, upon a *misfeasance.* The promise set up in the declaration is the mere inducement.

Where the action is founded *immediately* upon contract, and for a damage resulting from mere breach of contract, although in form it be an action of tort, the joinder of parties who did not contract, would, it seems, be a ground of non-suit under the general issue.—Stark. Ev. 1066.— 12 East. 452, and note.—6 T. R. 369.—2 New. Rep. 365 and 454.

This doctrine is denied or contradicted in a measure by 2 Ld. Ray. 909, *Coggs* vs. *Barnard.*—2 Wils. 309.—3 East. 62, *Govet* vs. *Radnidge.*—3 Wils. 348.—1 New. Rep. 46.— 2 Day's Rep.—1 Chit. Plea. p. 154 to 157 and notes.— 7 Com. Law Rep. 345.

And the above authorities abundantly support the position that where the gravamen of the injury is a *misfeasance,* although *assumpsit* might be maintained and an undertaking be alleged, the verdict cannot be disturbed because it was found only against a part of the defendants. This distinction is founded on good sense, and will reconcile the authorities.—Oliver's Forms, 294, 297.

The opinion of the court was pronounced by

PHELPS, J.—The only question in this case is, whether the plaintiff having obtained a verdict against one of the defendants only, is entitled to judgment on the verdict. On the one hand, it is urged that the action being founded on a tort, it is competent for the plaintiff to take judgment against such of the defendants as are proved guilty, although all may not be convicted. On the other hand, it is insisted that the action is founded on a breach of contract alone, and falls within the common rule as to contracts, that a recovery must be had against all the defendants or neither. Various cases have been cited in support of these different positions, among which there does not appear that perfect harmony which might be desired. If indeed the various cases are not wholly inconsistent, it must be admitted that the criteria, if any there be, which might serve to reconcile the decisions, have not in the discussion

CHITTENDEN
January,
1834.

Wright
vs.
Geer et al.

of the subject been kept very distinctly in view. To a certain extent the cases may doubtless be reconciled; and it may be well to ascertain, if it can be done by a cursory view of them, in what the inconsistency, if any, exists.

In the first place, it may be observed, that the *form* of the action is not wholly unimportant. There are many cases, where the plaintiff has an election to declare in contract or in tort; and where by adopting one form he may join his cause of action with a count sounding exclusively in contract, and by adopting the other he may join it with one originating exclusively in tort. In such cases, where the declaration is decidedly of one kind or the other, its form will determine the character of the action. Indeed, where such is not the case, and where an action of one kind only can be sustained, the declaration may be so decidedly of a different character in its form as to be inappropriate and unsustainable. No reason can be given in short, why the character of the declaration, if it be impressed with decided and distinctive features, is not equally decisive of the nature of the action as in other cases.

These remarks may possibly serve to illustrate some of the cases.

The case of *Bosou* vs. *Sanford*, (Salk. 440) was an action upon an express contract. The defendants are not alleged to have been common carriers, but their liability is put in the declaration upon the ground of a contract alone. It was an action of *assumpsit* in form.—See remarks of Ld. Ellenborough in *Govet* vs. *Radnige*, 3 East. 68. Whether the defendants were common carriers in fact, does not appear from the report in Salkeld, nor indeed was it important, as the plaintiff proceeded upon a special undertaking. The same remarks apply to *Slater* vs. *Baker et al.* 2 Wilson, 359. The plaintiff counted upon an express joint undertaking, and alleged as the ground of recovery a breach of the promise; and although there was evidence of misfeasance in the case, yet that was relied upon only as a breach of contract. Had the plaintiff declared in tort, the question would have been different.

*Powell* vs. *Layton*, 5 Bos. & Pull. 365, is of the same character. The declaration proceeded upon an express undertaking; and the case is put by Ch. J. Mansfield upon

CHITTENDEN,
January,
1834.

Wright
vs.
Geer et al.

that ground. The case did not require a decision upon the question, whether, had the plaintiff declared in tort, upon the custom of the realm, the plea in abatement could be sustained. It is true the learned Judge discusses that question; but how far his opinion coincides with authority remains to be seen.

*Max* vs. *Roberts*, 5 Bos. & Pul. 454, is so similar to the last case as to require no further remark. The ultimate fate of this case however deserves notice. Judgment passed at last for the defendants upon the ground that *no sufficient promise was alleged* in the declaration.—(12 East. 89.) This shows that the form of the action was decisive; for had the plaintiff declared in tort against the defendants, as common carriers, upon the custom of the realm, no averment of an express undertaking would have been necessary.

In *Brotherton* vs. *Wood*, 7 Com. Law Rep. 345, 5 Bro. & Bing. 54, this explanation of the above cases is sustained in terms by Ch. J. Dallas.

It is said that the form of the declaration does not determine the nature of the action. This is true in a certain sense, but not the extent contended for. It is certainly true, that the plaintiff cannot, by varying the form of his action, alter the intrinsic nature of his case. But it is also true, that the form of the declaration determines the character of the action; and, if the action be not adapted to the case, the suit fails for that reason. It is not contended, that a claim arising *ex contractu* can be converted into a tort by the mere forms of pleading. But it is believed that, where the party has an election to proceed as for a tort, or upon a contract, the form of the declaration determines the character and incidents of the suit. The distinction might be illustrated, by comparing the action of *assumpsit* on a warranty upon a sale with the action for a deceit, both of which have a common origin.

The great difficulty on this subject, however, has originated in a class of cases, where the plaintiff has declared either in tort without alleging any promise or undertaking, or has alleged a promise, but in such a manner as to leave it doubtful, upon the face of his declaration, whether a declaration in tort or contract was intended.

CHITTENDEN,
January,
1834.

Wright
vs.
Geer et al.

In such a case the subject matter of the suit must be resorted to, for the purpose, first, of determining whether the action is sustainable, and secondly, if so, what proof is requisite to sustain it.

If the declaration be in tort, and no promise is alleged, then, if upon the facts a promise is necessary, or, in other words, if an action of *assumpsit* only can be sustained, it would seem that the declaration is defective, and the suit must fail. This is well illustrated by the case of *Max* vs. *Roberts*, 12 East. 89.

If a promise is alleged, and yet the character of the declaration is equivocal, then again the subject matter must be resorted to; and it would seem, that if the cause of action be merely a breach of contract, the action, if sustained at all, must be sustained as an action of *assumpsit* and treated accordingly. On the other hand, if there be a positive tort, which might be sued for as such, it would result that the plaintiff might treat his action as one or the other.

The case of *Weall* vs. *King et al.* 12 East. 452, is an instance of the former kind. That action was in reality founded on a warranty. There was no ground for calling it deceit, because no scienter was alleged or proved. A warranty in terms was proved. It was very clear therefore, that the action must be treated as a case of contract, and the court very properly held, that, as the joint contract was not proved, the action failed.

A case of the latter description is that of *Dickson* vs. *Clifton*, 2 Wils. 319.—That was a case of a carrier, who suffered goods in his possession, through negligence, to be embezzled and lost. In such a case, there is no doubt that he might be charged, either upon *assumpsit* or *tort.* A case is there well put by Clive, J., "Suppose I trust a shepherd with my sheep, and he puts his own dog among them, who worries them, this would be a tort, although I contract with him for wages, and he undertakes accordingly." He might also have added, 'Suppose I trust a carrier with my goods, and he converts them to his own use.'

*Slater* vs. *Baker et al.* is also of the same description, where an action sounding in tort might doubtless have been sustained.

These cases depend, in some measure, upon the distinc-

Chittenden,
January,
1834.

Wright
vs.
Geer et al.

tion between misfeasance and non-feasance. For where the gravamen is mere non-feasance, or mere non-performance of a contract, the action in general must be treated as founded in contract. Thus if a carrier receive goods to carry, and purloins them, there is a positive tort, and either trover or *assumpsit* will lie. If he receive pay for carrying, but neglects to call and receive them, it is a mere breach of contract. Of this character was the case of *Wolcot* vs. *Canfield*, 3 Con. R. 194, which was a case of non-feasance only. And the same remark is applicable to *Bosou* vs. *Sanford, Powell* vs. *Layton,* and *Max* vs. *Roberts,* which were all cases of non-feasance.

On the other hand, where there is a positive tort, actions counting upon tort have been sustained.—*Govet* vs. *Radnidge,* 3 East. 62.—*Coggs* vs. *Barnard,* Ld. Ray. 909.—*Dickson* vs. *Clifton,* 2 Wils. 319.—*Mitchell* vs. *Tarbut,* 5 T. R. 649.—*Brotherton* vs. *Wood,* 7 Com. Law Rep. 345.

Another material inquiry in connexion with this question is, in what cases is it necessary to set forth a contract, in declarations of this kind? The general rule is doubtless this, that whenever the duty or liability upon which the action is founded, is created by the contract between the parties, the contract should be stated, as in *Max* vs. *Roberts, Weall* vs. *King,* &c.

There are cases where the duty arises from the nature of the employment, and no contract is necessary to be stated or proved. Thus in the case of a common carrier, the law imposes the liability ; and it is only necessary to state the employment of a carrier as such. An express contract is not necessary. The rule may be illustrated by the following case : Suppose a carrier receives compensation for carrying goods, and agrees to call at a given place and receive them, and neglects to do so. Here is no liability imposed by law, and he can be made liable only upon his express contract. But if he receive the goods, and fail to deliver them, the ground of liability is different, and no express contract need be stated. The same rule would doubtless hold in the case of a surgeon.

With some exceptions of this kind, the general rule holds, that where an express contract is necessary to create the liability, it must be stated.

CHITTENDEN,
January,
1834.

Wright
vs.
Geer et al.

And it is agreed on all hands, that where a contract is necessary to be stated, it must be proved as laid. Hence, in these cases, if the plaintiff alleges a joint contract, and fail to prove it, he fails altogether in his action.

But here the question arises, with respect to which there has been so much discussion in the books. Suppose an action is brought in form in tort, upon a case of this kind, where no contract need be set forth, and where the tort consists in neglect or breach of duty, can the plaintiff recover against one of two joint defendants, without proving a joint contract? Or if one only is sued, can the non-joinder of another equally liable be pleaded in abatement? On the one hand, we have the cases of *Powell* vs. *Layton, Max* vs. *Roberts,* and *Buddle* vs. *Wilson,* 6 T. R. 369; and on the other, *Dickson* vs. *Clifton, Mitchell* vs. *Tarbut, Govet* vs. *Radnidge,* and *Brotherton* vs. *Wood.*

The two first of these cases I have already remarked upon, as reconcileable with the other cases, upon the ground that they turn upon the form of the declarations, which count upon an express contract; although it is true, that the opinion of Sir James Mansfield was decidedly against the authority of the latter cases. *Bosou* vs. *Sanford* was also an action of *assumpsit,* not counting against the defendants as common carriers upon the custom of the realm.

*Buddle* vs. *Wilson* was an action against carriers upon the custom of the realm, and the authority of that case conflicts most decidedly with *Govet* vs. *Radnidge, Mitchell* vs. *Tarbut,* and *Brotherton* vs. *Wood.*

The decision of Ld. Kenyon in *Buddle* vs. *Wilson* was predicated expressly upon the case of *Bosou* vs. *Sanford,* and its accuracy depends upon the pertinency of that authority. If there be any thing in the distinction attempted to be made between an action upon an express contract and one upon the custom of the realm, the cases are dissimilar. *Buddle* vs. *Wilson* is the only case cited, which is not reconcileable with *Brotherton* vs. *Wood,* and similar cases, upon the grounds taken by Ch. J. Dallas, in the latter case. I lay out of the question the case of *Weall* vs. *King,* because there is nothing in that case but the express warranty to sustain the action.

Upon the score of authority, therefore, we have the sin-

Chittenden,
January,
1834.

Wright
'sa
Geer et al.

gle decision of Ld. Kenyon opposed to the cases of *Mitch-ell* vs. *Tarbut, Govet* vs. *Radnidge,* and *Brotherton* vs. *Wood.*

The authority of *Govet* vs. *Radnidge* has been doubted; but, if we consider it analogous to the other cases already cited, where similar decisions were had, it seems well supported. If there be any doubt of the correctness of that case, it would seem to me to arise out of the question whether a contract, or undertaking of some kind, ought not to have been alleged. In this particular, that case and *Coggs* vs. *Barnard* seem to be anomalous. The latter case, however, appears to sustain the former in this respect, and if it be conceded that an action can be sustained in such case, without such an allegation, and upon the same ground that it may be sustained against a common carrier, the same consequences must necessarily follow.

Upon principle it appears to me, with due deference to the learned Judges, that the doctrine of the recent case in 7 Com. Law Reports is correct. For if a contract is not necessary to be alleged, nor proved, I cannot well perceive how any question of variance can arise, nor indeed how the precise terms of the contract are important. If the ground of the defendant's liability is a mere duty, and a tortious disregard of it, it would seem not to vary the ground, if a similar duty rested upon another.

In applying these doctrines to the case before us, we may remark, first, that it would follow from the cases of *Coggs* vs. *Barnard* and *Govet* vs. *Radnidge,* as also from the analogy of the other cases, that the action as for a tort might be supported. The waste of materials, arising from the mismanagement of the defendant, is a positive injury growing out of a neglect or breach of duty, rather than a mere non-performance of the terms of the contract. Whether it was necessary, in this instance, to set forth a contract between the parties, is a question not so easily decided. We are of opinion however that it was; because we consider that the obligation or duty of the defendant rested wholly upon the contract. It is not a case where the mere employment of the party could create any definite obligation. The case of an ordinary mechanic is not like that of some other professions. The liability of such persons depends upon what they undertake. The defendant might

21

CHITTENDEN,
January,
1834.

Wright
vs.
Geer et al.

have been employed upon the mill in question as a mere laborer in the way of his vocation. In order to render the defendant responsible for the success of the entire work, it should at least appear, that he had the oversight and direction of it; and of course it becomes necessary to set forth the contract by which he assumed that oversight and responsibility. The injury complained of is the imperfection of the whole; and the first question is, who is responsible? Not certainly every individual who was employed about the edifice, but he who had assumed the responsibility.

The contract being alleged, and being an essential part of the declaration, it becomes necessary to prove it as alleged. The case of *Bristow* vs. *Wright*, Doug. 665, is a leading case on this subject. The lease set forth in that case, might perhaps have been dispensed with, but being alleged, it became necessary to prove it as laid; and there being a variance, the court held it to be fatal.

The remarks of Ld. Ellenborough in *Weall* vs. *King* are applicable to this case.

Upon the whole, although we are inclined to think that this action might be treated as sounding in tort, yet as in *Bristow* vs. *Wright* (which was tort) the statement of the contract is material, and the variance is fatal.

It would be idle to send the case back for a new trial, as the verdict in favor of A. C. Geer, one of the defendants, cannot now be disturbed; and so long as that remains, the plaintiff must necessarily fail.

The judgment against J. W. Geer is reversed, and judgment entered for the defendant.