ROYAL SARGEANT *v.* Executors of JOHN SARGEANT.

When referees decide a case provisionally, referring certain questions of law to the ultimate determination of the court, there is no necessity of filing exceptions to the report, in order to raise the question of accepting the report, so far as that question is affected by the questions of law referred to the court.

Where a claim against a deceased person's estate, presented before commissioners, consisted of various items of account, accruing from the year 1837 until the year 1844, it was held that notes, due from the claimant to the deceased person before the first date, were, by the statute of Nov. 9, 1831, [Th. St. 23,] saved from the operation of the statute of limitations, when presented in offset to such account.

In cases of appeals from commissioners costs should abide the event of the suit, and be taxed after the same rules as in other civil suits, unless there are peculiar circumstances in the case.

APPEAL from commissioners appointed by the probate court. The action, and all matters in dispute between the parties, was referred, under a rule of the county court, to referees, who reported, that the plaintiff presented before them an account against the testator, commencing in the year 1837, and which accrued from time to time between that year and the year 1844, and that the defendants presented in offset thereto, among other things, two promissory notes, signed by the plaintiff, and due at the time of the commencement of the plaintiff's account, and not then barred by the statute of limitations, but barred at the time of the decease of the testator, unless saved from the operation of the statute. And the referees reported, that, if these notes were held to be barred by the statute, there was due to the plaintiff the sum of $63,45; but that, if the notes were allowed in offset, there was due upon them $106,73, to apply against the above balance; and the referees submitted the question of law to the determination of the court. Other questions of law were also submitted to the court by the referees; but as they were not raised in the supreme court, they need not be noticed here. No exceptions were filed to the report of the referees.

The county court,—WILLIAMS, Ch. J., presiding,—accepted the report and rendered judgment thereon for the plaintiff; to which decision the defendants excepted.

*Sargeant* and *Fowler* for defendants.

*D. Roberts, Jr.,* for plaintiff.

The opinion of the court was delivered by

REDFIELD, J. 1. It is claimed, that, inasmuch as no exceptions were filed by the defendants, in the court below, to the report of the referees, but only to the judgment of the court, the questions attempted to be reserved are not properly raised here. But when referees, in the county court, report the facts, referring questions of law to the court, there is no necessity for filing any exceptions to the report. That is well enough. The only benefit of exceptions to a report of referees, or auditor, ever, is to point out to the court some question of law, which it is claimed has been decided erroneously. But when the referees themselves point out a question of law, the final determination of which they refer to the court, although they themselves decide it provisionally, it is not necessary to file exceptions to the report. And especially, where the county court have decided such question of law and allowed exceptions to their decision, should we be doing great injustice in a case, to give their bill of exceptions a construction so different from its manifest import. We think the case comes into this court in a shape sufficiently intelligible.

2. The only question, urged here by the defendants, is in regard to the notes, which were provisionally disallowed by the referees, on the ground that they were barred by the statute of limitations. It is claimed, that these notes, being a portion of the current dealing between the parties, are saved from the operation of the statute of limitations upon general principles, every fresh item in the dealing saving all the previous items upon the opposite side, as has been often decided in regard to current accounts. But, not to enter into the consideration of that question, it seems to the court, that these claims are saved from the statute by the reservation contained in the statute of November 9, 1831, excepting all offsets from the operation

of the statute of limitations, where the claim pleaded in offset was in existence at the time the claim, to which it is pleaded in offset, accrued.\* These notes were both in existence, at the time the plaintiff's claim accrued. The notes are not only a proper offset, but a necessary one, after the decease of the testator and the presentment of the plaintiff's claim before the commissioners. We do not well see, then, how the plaintiff can hope to escape the saving of the statute of Nov. 9, 1831, which was in force, until the Revised Statutes came in force, and which was then repealed only with a saving of all cases, which had accrued under it. Rev. St. 309, § 29.

The judgment of the county court is therefore reversed, and judgment is rendered for the defendants for the balance shown by the report, including the notes, and interest from the date of the judgment of the court below; which the clerk will certify to the probate court.

A question was made in regard to costs. THE COURT awarded costs to the defendant, saying, that, in these cases of appeals from commissioners, they thought costs should abide the event of the suit, to be taxed after the same rules as in other civil suits, unless there were some peculiar circumstances in the case.

---

\*That statute was in these words;—" That hereafter, the statutes of limita-
' tions shall not be so construed, as to apply to any claim, or demand, in offset,
' which existed at the time, or subsequently to the making of the contract, or
' contracts, in offset to which said claims are pleaded."