# JEROME F. MANNING

v.

# BENJAMIN F. LEIGHTON.

GENERAL TERM, 1893.

*Practice.   Questions upon rulings of referee how raised.
Implied promise.   Revision of previous decision.*

1.  No question upon the rulings of a referee will be considered in the supreme court, unless submitted by the referee to the county court, or raised by an exception to his report in that court.

2.  An objection to the regularity of the appointment and procedure of a referee, not taken in the court below, will not be entertained in the supreme court.

3.  The defendant, as administrator by appointment of the orphan's court in Washington, D. C., collected certain claims for indemnity from the United States.  The plaintiff had begun the prosecution of these claims under contract with the claimants that he should receive a certain part of whatever was realized, and had rendered material services under this contract.   Just previous to the appointment of the defendant, the plaintiff had been prohibited from appearing before the court in which the claims were pending, and thereby incapacitated for their further prosecution.   The plaintiff obtained no order from the orphan's court for the payment of his services and the defendant did not in fact know the nature of the contract under which those services were rendered, but settled his account and paid over the funds upon the supposition that the plaintiff's claim was against those who employed him.   *Held*, that there was no implied promise from the defendant to the plaintiff upon which an action of indebtitatus assumpsit would lie.

4.　It is a well settled rule that the supreme court will not reverse or revise its decisions upon substantially the same facts upon which they were first rendered in the same case.

Motion to bring forward, rehear and vacate all antecedent proceedings. The original case is reported in 65 Vt. 84. The questions raised upon this motion sufficiently appear in the head notes and opinion.

_Jerome F. Manning_, _A. P. Tupper_ and _W. H. Button_ for the plaintiff.

_Stewart & Wilds_ for the defendant.

The supreme court will not revise its decisions made on substantially the same facts in the same case. _Herrick_ v. _Belknap_, 27 Vt. 673; _Stacy_ v. _Vt. Cent. Rd. Co._, 32 Vt. 551; _Barker_ v. _Belknap_, 39 Vt. 168; _Ross_ v. _Bank of Burlington_, 1 Aik. 43; _Dana_ v. _Nelson_, 1 Aik. 252.

TYLER, J.　The plaintiff moves that this case, which is reported in 65 Vt. 84, may be brought forward upon the docket and that it may be reargued. The two motions have been heard together.

The plaintiff insists that the court committed two errors in its decision, which, if corrected, should reverse the judgment.

I.　On the trial by the referee the defendant offered in evidence a paper which purported to be an order made by the Court of Commissioners of Alabama Claims, July 29, 1885, prohibiting the plaintiff from further appearing before those commissioners as an attorney. To the admission of this order the plaintiff objected, but it was admitted by the referee, subject to the plaintiff's exception. The referee did not submit to the county court the question of the admissibility of the order, and the plaintiff filed no exception to the report on the ground of the alleged error of the referee. The

question therefore was not passed upon by the county court, and was not before it. Questions not specified and shown by the record to have been raised and decided in the court below, will not be revised or noticed here. *Sargeant* v. *Butts*, 21 Vt. 99; *Dana* v. *Lull*, 21 Vt. 383; *Bingham* v. *Hutchins*, 27 Vt. 569; *State* v. *Preston*, 48 Vt. 12; *Miles* v. *Albany*, 59 Vt. 79. In *Walton* v. *Walton's Est.*, 63 Vt. 513, it was expressly held that this court will not review the rulings of a referee, unless some question is submitted by him for the consideration of the county court; that when no questions of law are referred to that court by the referee, and it is claimed that he, intending to follow the law, has mistaken it, or has allowed improper testimony to be introduced before him, the attention of the court should be called to the claimed error by exceptions to the report, or by a motion to recommit. See cases cited by Start, J., in the opinion; also, *Willey* v. *Laraway*, 64 Vt. 559.

II. The motion in which irregularities are alleged in the appointment, procedure and report of the referee was not considered by or filed in the court below, and therefore cannot be entertained here.

III. The referee has found that there was no express promise made by the defendant to pay the plaintiff for his services in prosecuting these claims. But the plaintiff contends that the law implied a promise by the defendant to pay him from the fact that the defendant received the funds, and that, by the equitable nature of the action of *indebitatus assumpsit*, he is entitled to a judgment.

It was the obvious legal duty of the defendant as special or ancillary administrator, to account to the orphan's court for the funds and to distribute them pursuant to the decree of that court. The plaintiff did not obtain an order from the court that the defendant should pay him for his services, and the defendant had no authority to pay him.

It appears that though the defendant knew that the plain-

tiff had performed services in the prosecution of these claims he had no knowledge of the contracts upon which they had been performed, and paid over the funds, supposing that the plaintiff's demand for services was against the parties who employed him. In these circumstances the law raised no promise by the special administrator to pay the plaintiff out of the funds of the estate. There was no indebtness from the defendant to the plaintiff and therefore no implied promise. It is unnecessary to decide whether the defendant could have bound himself by an *express* promise without an order of court, inasmuch as an express promise is not found.

Upon a review of the case we find no considerations urged upon us that were not urged at the former argument. It is a well settled rule that this court will not reverse or revise its decisions upon substantially the same facts upon which they were first rendered. *Herrick* v. *Belknap*, 27 Vt. 673; *Stacey* v. *Vt. Cent. R. R. Co.*, 32 Vt. 551; *Barker* v. *Belknap*, 39 Vt. 168; *Childs* v. *Insurance Co.*, 56 Vt. 609; *St. Johnsbury & L. C. R. R. Co.* v. *Hunt*, 59 Vt. 294. The court will not favor motions to bring cases forward unless the alleged errors are specifically pointed out in the motion.

*The motions must be dismissed with costs.*