JULIUS BARRETTE *vs.* LAURIER & OUIMETTE.

January Term, 1897.

Present: Ross, C. J., TAFT, ROWELL, TYLER and MUNSON, JJ.

*Auditor's Report—Exceptions.*

The auditor first reported that a part of the account was chargeable to only one of the defendants, but how much he was unable to find, and allowed the whole account against both. On recommittal, he reported that he was unable to find any item that was not chargeable to the defendants jointly. *Held*, that this nullified the first finding and left both defendants liable for the whole.

Objections to the report, as against the evidence and for failure to comply with the order of recommittal, are not considered, since the questions do not appear to have been raised below.

BOOK ACCOUNT. Heard on report and supplemental report at the April Term, 1896, Franklin County, *Start*, J., presiding. Judgment for the plaintiff for the whole account. The defendants excepted.

*E. A. Ashland* and *H. N. Mott* for the defendants.

*Dee & George* for the plaintiff.

ROWELL, J. The plaintiff carried on the meat business, and the defendants were partners in the grocery business. Defendants had assignments of the wages of a number of railroad men, who traded with the plaintiff on the defendants' orders and pass-books. All of plaintiff's account is properly chargeable to the defendants jointly,

unless some of it is for meat sold to the defendant Ouimette for his individual use. In his original report the auditor allowed the whole account, but found that some of it was for meat thus sold, but he could not tell how much nor identify any item. But in his supplemental report he says he is unable to ascertain that any item is for meat thus sold. This nullifies his former finding on that point, and leaves his allowance of the whole account to stand, and makes it equivalent to a finding that all the items of the account are for sales to others on the defendants' joint authority.

It is claimed that the auditor's finding concerning Ouimette's individual account is against the evidence, and that therefore the report ought to be set aside. It is also claimed that the auditor did not comply with the order of recommittal, and that therefore the report ought to be set aside. It is enough to say of these claims that it does not appear that the questions were raised below. The exceptions say that the case was heard on the report and supplemental report.

*Judgment affirmed.*