## HOGAN & HOGAN v. NORA SULLIVAN.

October Term, 1905.

Present: TYLER, MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed May 26, 1906.

*Book Account—Auditor's Report—Auditor's Submission of Questions of Law by General Reference—Objections to Report—How Raised—Supreme Court—Questions Reviewable—Joint Promisors—Liability of Survivor— V. S. 2440.*

The Supreme Court will review only such questions as the record shows were decided by the county court.

Objections to the report of an auditor, referee, or commissioner based upon the insufficiency or inadmissibility of evidence must be made by exception, motion to recommit, or objection to the acceptance of the report, or they are waived; except that when a question of law is pointed out by an auditor, referee, or commissioner, and referred to the court, no exception to the report need be filed, but in that case good practice requires that the trier should point out such question with the precision required in an exception.

The statement by an auditor in his report that, "All questions of law presented by the foregoing facts are submitted to the court," did not submit to the court any question as to the admissibility or sufficiency of evidence, but only the question of what judgment was required by the facts found.

*Pollard* v. *Barrows*, 77 Vt. 1, distinguished.

At common law, the death of a joint promisor discharged his estate, and left the survivor liable for the whole debt.

V. S. 2440 changed this rule of the common law only to the extent of making the estate of a deceased joint promisor liable for the debt, without affecting the liability of the survivor; so that the creditor may now both prove his debt against said estate and sue the surviving promisor.

BOOK ACCOUNT. Heard on the report of an auditor at the March Term, 1905, Franklin County, *Rowell*, J., presid-

ing. Judgment for the plaintiffs for the amount found due by the auditor. The defendant excepted. No exceptions to the auditor's report were filed.

The auditor found that the plaintiffs were a firm of practicing lawyers, and that their claim against the defendant consisted of charges for professional services rendered the defendant and her husband for which they were jointly liable; that the husband had deceased; that commissioners had been appointed upon his estate, and that the plaintiffs had filed the account in question with said commissioners for allowance.

*C. G. Austin & Sons* for the defendant.

In book account, all persons who are involved in the account should be made parties. This account is found to be joint, and to involve another person who is not a party. This nonjoinder is a bar to a recovery in this form of action. *Loomis* v. *Barrett*, 4 Vt. 450; *McLaughlin* v. *Hill*, 6 Vt. 20; *Smith* v. *Watson*, 14 Vt. 332; *Hagar* v. *Stone*, 20 Vt. 106; *Hall* v. *Armstrong*, 65 Vt. 421.

*Hogan & Hogan*, and *H. C. Royce* for the plaintiffs.

The question of the nonjoinder of a necessary party defendant should have been raised before the auditor, followed by exceptions to the report.

*Pratt* v. *Gallup*, 7 Vt. 344; *Gay* v. *Rogers*, 18 Vt. 342; *Goodale* v. *Frost*, 59 Vt. 491; *Newell* v. *Keith*, 11 Vt. 214; *Smith* v. *Bradley*, 39 Vt. 366.

POWERS, J. The action is book account, and the plaintiffs had judgment in the county court for the amount found

due by an auditor. The auditor found facts on evidence objected to by the defendant, and reached conclusions which the defendant insists were unwarranted by the evidence; but she filed no exceptions to the report, and did not ask that the report be recommitted or rejected. There is nothing in the record to show that the questions of admissibility or sufficiency of evidence here argued were pressed upon the attention of the county court, or considered or passed upon by that court. All the exceptions show is that the case was "heard on auditor's report."

It is a well settled and oft-repeated rule of this Court that no questions will be considered here, except such as appear by the record to have been raised and decided by the county court. *Vilas* v. *Downer,* 21 Vt. 419; *Walton* v. *Walton's Est.,* 63 Vt. 513; *Manning* v. *Leighton,* 66 Vt. 56; 28 Atl. 630; *Barrette* v. *Laurier,* 69 Vt. 509, 38 Atl. 236; *Parker* v. *McKannon 'Bros. & Co.,* 76 Vt. 96, 56 Atl. 536.

The defendant insists that these questions of admissibility and sufficiency of evidence were presented to the county court by virtue of a reference of them to that court by the auditor in his report.

The general rule is that objections of this kind to the report of an auditor, referee or commissioner must be taken by way of exception, motion to recommit, or objection to the acceptance of the report, or they are waived. *Kidder* v. *Smith,* 34 Vt. 294; *Wilder* v. *Stanley,* 49 Vt. 105. But when a question of law is pointed out by such auditor, referee or commissioner, and referred to the court, there is no necessity for filing any exceptions to the report. *Sargent* v. *Sargent's Exrs.,* 18 Vt. 330; *Willey* v. *Laraway,* 64 Vt. 559, 25 Atl. 436. See, also, *Walton* v. *Walton's Est.,* and *Manning* v. *Leighton, supra.* In such case the question referred is properly before

the county court and available to the complaining party. The growing tendency, however, of submitting all such questions which arise during the hearing by a general reference is not approved.   Good practice requires that the trier should point out each of such questions with the same precision as is demanded in an exception.   The court should not be called upon to search through the report to discover the legal questions submitted.   The trier should "put his finger" upon the very question reserved for review.   This auditor does nothing of the kind.   Indeed, he does not, even in general terms, submit any question of admissibility or sufficiency of evidence as was done in *Pollard* v. *Barrows,* 77 Vt. 1, 58 Atl. 726.   "All questions of law," he says, "presented by the foregoing facts are submitted to the court."   The only question of law which did or could arise upon the *facts* as found by the auditor was as to what judgment was required by such findings, since a consideration of that question did not, as this report stands, involve a consideration or determination of any question of admissibility or sufficiency of evidence.   In these circumstances, the exceptions should have affirmatively shown that these questions were passed upon below.

So the only exception available is to the judgment rendered;—and that was correct.   For the findings of the auditor establish a joint obligation on the part of the defendant and her deceased husband; and the settled rule of the common law is that the death of a joint promisor discharges his estate, and leaves the survivor liable for the entire amount of the debt. *Richards* v. *Heather,* 1 B. & Ald. 29; *Burgoyne* v. *Ins. & Tr. Co.,* 5 Ohio St. 586; *New Haven & Northern Co.* v. *Hayden,* 119 Mass. at p. 365; *Moore* v. *Rogers,* 19 Ill. 347; *Biggs & Co.* v. *Langhammer & Son,* (Md.) 63 Atl. 198.   This rule

is modified by V. S. 2440 to the extent of making the estate of the deceased promisor liable for the debt, but the liability of the survivor is unaffected thereby.

> *Judgment affirmed.*