[No. 3277.  Oct. 2, 1929.]

OWEN'S ESTATE et al. v. PRICHARD.

[281 Pac. 463.]

Carl H. Gilbert, of Santa Fe, for appellant.

Reese & Reese, of Roswell, for appellees.

OPINION OF THE COURT

PARKER, J.  The appellant was employed as an attorney by one Robert L. Owen to bring an action against

the Thompson Sheep Company to recover on a contract. He brought the action in the district court of Lincoln county and recovered a judgment for $10,000. This judgment was appealed to this court and the judgment was affirmed. 29 N. M. 517, 224 P. 405. The appellant afterwards collected the judgment and interest thereon, amounting in all to the sum of $12,050. In making a settlement with his client, a controversy arose as to the amount appellant was entitled to retain out of the amount collected by him as an attorney fee in the case; appellant having remitted to the said Owen the amount collected on said judgment, less the amount he claimed to be due him for said attorney fee. Thereupon the said Owen brought an action in the district court of Chaves county against the appellant to recover the balance of the money which had been collected on the judgment, less the sum of $1,500, which he alleged was the contract price for the services of appellant as said attorney in that case, agreed upon between the parties at the time of the employment of appellant, and claiming that there was still due the said Owen the sum of $3,000, for which judgment was prayed. A second cause of action was pleaded, but the same was afterwards dismissed.

An amended answer was filed by appellant, in which he denied the contract set up by the said Owen, and averred that he had a contract with the said Owen for a reasonable contingent fee in the case, which was the amount he had retained out of the proceeds of the collection of the said judgment. He also averred that the reasonable value of his services was the amount he had retained out of the said proceeds. This was the state of the pleadings down to the time of the death of Owen. Prior to the time of the trial, the cause was revived in the names of the executors of the last will and testament of the said Owen, who are the present appellees. ,

In this connection it is to be noticed that the appellees are seeking to recover for money had and received to and for the use of the deceased, Owen. The defense of appellant is by way of counterclaim for services rendered for the deceased, Owen. In such a case each party is both

plaintiff and defendant and each must recover upon the strength of his own pleadings and proof. 24 R. C. L., "Set-off and Counterclaim," § 11 note 12; Woodruff v. Garner, 27 Ind. 489 Am. Dec. 489 and note.

It therefore becomes necessary to examine into the complaint of appellees to ascertain what the cause of action is which is pleaded. Owen pleaded, it is true, that he had a contract with appellant that his charges would be $1,000 in the district court and $500 in the Supreme Court in event of appeal. The action, however, is not upon this contract, reference thereto in the complaint being introduced in the pleading merely by way of explanation and illustration of the situation of the parties. What Owens was after was the recovery of money had and received for his use by appellant. In such a case, so far as the cause of action of Owen is concerned, it became and was immaterial whether appellees satisfactorily proved the contract as alleged or not. They could in any event recover for money had and received. There is much controversy between counsel on this point, but the law is plain. See 41 C. J., "Money Received," § 43; Jenkins v. Clopton, 141 Mo. App. 74, 121 S. W. 759; Crigler v. Duncan, 121 Mo. App. 381, 99 S. W. 61; Reyer v. Blaisdell, 26 Colo. App. 387, 143 P. 385; McKane v. Gordon & Hoar, 85 Vt. 253, 81 A. 637.

We come next to the counterclaim of appellant. The counterclaim is based upon two propositions, viz: (1) That he had a contract with Owen for a contingent fee depending upon the result of the action; (2) that the reasonable value of the services rendered by appellant was the amount which he had retained out of the sum collected by him.

In regard to the first proposition, appellant has absolutely no corroboration. The fact that he had such a contract depends solely upon his own testimony. It is certainly as necessary to have corroboration of the fact that appellant had a contract for a reasonable contingent fee as it would be to have corroboration of the fact that he had a contract for a definite sum of money as a fee in

the case. He either had such a contract or he did not have it. In Bujac v. Wilson, 27 N. M. 105, 196 P. 327, we carefully considered section 2175, Code 1915, and there held that the requirements of this statute prohibited this court from allowing any person to recover against the estate of a deceased person upon an alleged contract unless the fact was corroborated by other evidence. And in this case, the appellant has nothing to depend upon to establish his alleged contract with Owen for a reasonable contingent fee except his own testimony.

In regard to appellant's second proposition, namely, that the reasonable value of the services was the amount retained by him, there is no corroborative evidence in the case. Appellant introduced proof by way of testimony of three eminent lawyers, who showed that a reasonable contingent fee in such a case as appellant tried and won for Owen against the Thompson Sheep Company was from 25 per cent. to as high as 50 per cent. of the recovery; but this proof is not relevant to the question of the reasonable value of the services which would become due in any event whether recovery was had or not. Appellant could have, no doubt, declared for the reasonable value of his services, and had he corroborated his own testimony with the testimony of the eminent lawyers who testified in the case, as he no doubt could, the law then, doubtless, would make the contract between the parties to pay whatever amount the proofs should show the services were reasonably worth. In such a case no contract for fees need be alleged or proved. The law would make the contract between the parties.

It follows from all of the foregoing that the judgment of the district court was correct and should be affirmed, and the cause remanded, and it is so ordered.

BICKLEY, C. J., and WATSON, J., concur.

CATRON and SIMMS, JJ., did not participate.